NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—JULY, 1876.

## MATTER OF TEYN.

*In the matter of the Estate of* ANDREAS TEYN, *deceased.*

Executors cannot be allowed for expenditures made by them for a purpose not authorised by the will or the legal duty of executors,—e. g., to maintain a favorite horse of the testator, as long as he should live, although made by them in consequence of the verbal request of the testator.

Testator left a daughter aged four, appointing his executors, her guardians in case his widow should marry again ; some years after his death, the the widow married again, and the child thereafter resided with the stepfather.

*Held,* that the executors could not be allowed their payment to the stepfather for the ward's board and maintenance without proof of an agreement made by them to pay therefor.

If such an agreement were found, the law, (in the absence of a different stipulation), would imply an agreement to pay yearly; and the statute of limitations would begin to run as to each year's board, &c., from the end of the year.

Guardians cannot be justified by the consent of the ward, given during minority, in investing the ward's funds in their own business.

But the propriety of such investment should not be passed upon, on an accounting of the guardians, as executors; but should be raised on a decree requiring them to pay over the fund.

THIS was a motion to confirm the report of an auditor on the final accounting of the executors of the estate of Andreas Teyn, deceased, on objections filed by a legatee and daughter of the testator. The testator devised and bequeathed unto his wife all his real and personal estate, for her life, or during her widowhood; to apply the rents, income, and profits to her support, and the maintenance, and education of the daughter, to whom upon the death or marriage of his widow, he gave the entire estate; and he appointed the executors named, guardians of his infant daughter, in case of the marriage of his widow.

The testator died July 22d, 1855, when his daughter was four years old. In May, 1862, the widow married Edward Bergmann, with whom the daughter lived until her marriage.

The executors were cited to account, and filed their account, which was objected to by the daughter, and legatee, and the matter was referred to John D. Townsend, Esq., as auditor, before whom, during the proceedings, all objections to the account were withdrawn, except the objection to a charge for the board, keeping, and shoeing of a horse, for five years and nine and a half months, amounting to $1,515, it being alleged that after the execution of the will, the testator requested the executors verbally to keep a favorite horse, as long as he

should live, and charge the expenses to the estate; and also the objection to a claim alleged to exist in favor of Edward Bergmann, the step father, for the support of the daughter under his charge, with the mother, amounting to $2,840, but which had not been paid by the executors, or adjusted as such.

It was claimed also, on behalf of the executors, that the estate belonging to the daughter had been, by them as guardian, at the request of the infant, invested in some business enterprize.

The auditor disallowed the claims so objected to

C. P. Hoffman, *for the executor.*

C. F. Hopke, *for creditors.*

The Surrogate.—I am of opinion that the finding of the auditor disallowing the claims is right, and should be sustained.

To establish such a charge on a verbal request, or recommendation of a testator would, it seems to me, open the door to very great abuse, and provide substantially that the force and effect of a will made according to law might be nullified by verbal instructions, or recommendation, thereafter made, and I am not willing to sanction any such dangerous interference with the deliberate will of the testator.

As to the alleged claim for board and support, of the daughter, by Mr. Bergmann, the fact that she continued in the family as a member thereof, creates no implication of an obligation to pay. (*See Williams* v. *Hutchinson,* 3 *N. Y.,* 312; *Dye* v. *Kerr,* 15 *Barb.,* 444; *Sharp* v. *Cropsey,* 11 *Id.,* 224; *Conger* v. *Van Aernum,* 43 *Id.,* 602; *Wilcox* v. *Wilcox,* 48 *Id.,* 327; *Robinson* v. *Cushman,* 2 *Denio,* 149.)

A careful reading of the testimony upon the subject of the alleged agreement of the executors to pay for the

daughter's support, does not, in my opinion warrant me in finding, contrary to the conclusion of the auditor, that there was any such agreement; and it is clear to my mind that the question was not properly before the auditor to be determined, inasmuch as the account does not seem to have been regularly presented, and vouched for. If the question of liability of this estate is to be adjudicated upon, it should be upon the usual reference, where it would appear to be, to a considerable extent, barred by the statute of limitations, for if such an agreement should be found, the law would imply an agreement to pay at least yearly, and the statute of limitations would begin to run, on the close of each year. (*Davis* v. *Gorton*, 16 *N. Y.*, 255.)

As to the allegation that the executors and guardians have invested the funds of their ward in their own business, under the consent of their ward, it seems to be sufficient to answer that she, while an infant, could not so consent; that such use of trust funds, is in plain violation of the law, and the duty of trustees.

But neither the auditor nor this court can properly pass upon this question, until it shall be raised on a decree requiring the trustees to pay over to their ward, the amount found due by this accounting.

The report of the auditor in the particulars above suggested is therefore confirmed.

Order accordingly.