marked for identification, under section 114 (Laws 1896, c. 909). Matter of Hearst v. Woelper, 183 N. Y. 274, 76 N. E. 28. Also in the same case the court says:

"It was the object of the election law to permit a secret ballot, to secure an honest count, and to preserve for a reasonable time the best evidence in the event of legislative or judicial proceedings, instituted after the election was closed, for the purpose of trying the title of a person to the office, or for the purpose of criminally convicting the unfaithful election officer, * * * of an inquiry conducted by the federal or state Legislature to determine a right to a seat in that body. * * * Further, the preservation of the ballot boxes under lock and seal is directed for six months as evidence for use in the court."

To the same effect is People v. McClellan, 191 N. Y. 341, 84 N. E. 68. It is the settled public policy of this state, found in the provisions of the election law, that the results of an election should be speedily ascertained, the result declared, and certificates of election upon such declared results issued to those persons who upon the face of the returns have been elected to public office. People ex rel. Brink v. Way, 179 N. Y. 174, 71 N. E. 756.

When a court says that ballot boxes can be opened only when a judicial proceeding is pending or about to be commenced, I am of the opinion that they mean a judicial proceeding, which is something more than a mere proceeding in matter of form. I am also of the opinion that the words "for use as evidence" do not contemplate a mere examination of the ballots. to find out whether or not the ballot boxes contain evidence to substantiate the claim made by the petitioners, but that the term contemplates the opening of the ballot boxes in court for the purpose of offering the actual ballots in evidence, if necessary, the same as any documentary evidence is offered in evidence. There is nothing in the law that permits or contemplates the ballot boxes to be opened as a matter of curiosity, or for the purpose of finding out whether a person has a cause of action or not. People v. McClellan, 191 N. Y. 341, 84 N. E. 68.

I am clearly of the opinion that the pending action is not such an action or judicial proceeding as would warrant the relief asked for. If these ballots become necessary as evidence on the trial of the action now pending, and which is the foundation of this application, the Supreme Court has ample power to permit their being opened and used as evidence.

The application is denied, with costs. Ordered accordingly.

---

(66 Misc. Rep. 417.)

### In re WILLIAMS et al.

(Surrogate's Court, New York County. February, 1910.)

EXECUTORS AND ADMINISTRATORS (§ 304*)—INCOME FROM TRUST FUND—PAYMENT—NECESSITY OF BOND—"LEGACY"—"DISTRIBUTIVE SHARE."

Testamentary trustees are entitled to pay the income from trust funds to the guardian of an infant beneficiary pending proceedings for settlement of their accounts without requiring a bond; such income being

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

neither a "legacy" nor "distributive share," within Code Civ. Proc. § 2746.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1243, 1244; Dec. Dig. § 304.*

For other definitions, see Words and Phrases, vol. 5, pp. 4054–4057; vol. 8, p. 7703; vol. 3, p. 2135.]

In the matter of the settlement of the accounts of Louise L. Williams and others, trustees under the will of Rebecca Ladew. Decree rendered.

See, also, 122 N. Y. Supp. 1133.

Parsons, Closson & McIlvaine, for petitioners.

J. Campbell Thompson, for contestants.

Raymond M. Lowes, special guardian.

Bernard J. Tinney, special guardian, for Elise Wall Ladew, an infant.

THOMAS, S. After having procured the report of the learned referee who tried the issues in this proceeding to be set aside because it was filed too late, and after much litigation as to how the new trial was to be had, the special guardian objectant offered in evidence the record as made before the referee, and, this being received, all parties rested.

I agree with everything that the referee has stated in his opinion, and I adopt that opinion as my own. The payments of income on the trust funds to the general guardian of the infant, pending the accounting and before the making of the former decree, required no bond; for such income is neither a "legacy" nor a "distributive share" (Matter of Lancaster, 28 Misc. Rep. 595, 59 N. Y. Supp. 1022), and the provision contained in the decree as to the filing of a bond required by section 2746, Code of Civil Procedure, did not defeat the right of the accountants to just credits for such payments. If an objection to the account had been made on that ground by the special guardian, and it was not made by him, such objection would have to be overruled.

The facts set forth in the report of the referee will be included in my decision, and the separation of the funds of the separate trusts will be made as recommended by him. All of the objections to the account are overruled. The accountants will be paid costs of the proceeding out of the estate. No costs will be awarded to the special guardian. Tax costs, and settle decision and decree on notice.

Decreed accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes