ESTATE OF WAKEFIELD.

*November 14—December 11, 1923.*

*Divorce: Judgment for alimony: Wife as creditor: Wills: Legacies: Payments from testamentary trust: Nonresident beneficiary: Intervention by divorced wife in proceedings in county court.*

1. Payments to be made under a trust created by a testator constitute a "legacy" within the meaning of sec. 3940*b*, Stats. 1921, providing that when a legacy or distributive share of an estate being administered in the courts of this state shall

be contingently or thereafter become due or payable to an
absconding or nonresident debtor, any creditor of the debtor
may intervene in the proceedings to compel application there-
of to the debt.   p. 213.

2. Sec. 3940b being a remedial statute and therefore to be lib-
   erally construed to carry out its purpose, it will be held
   that an estate is being administered in the county court within
   the statute, though the executor has been discharged and all
   that remains is the administration of a trust created by the
   will.   p. 215.

3. A divorced wife who holds a judgment for alimony is a "cred-
   itor" of her divorced husband and entitled to the remedies
   of other judgment creditors, and she is also a creditor within
   the meaning of said sec. 3940b.   p. 216.

4. A judgment for alimony entered in a court of another state
   having general jurisdiction should be given the same faith
   and credit as in the state where rendered.   p. 216.

APPEAL from an order of the county court of Milwaukee
county: M. S. SHERIDAN, Judge. . *Reversed.*

For the appellant there was a brief by *Bloodgood, Kem-
per & Bloodgood,* attorneys, and *Albert K. Stebbins,* of
counsel, all of Milwaukee, and oral argument by *Mr. Steb-
bins.*

For the respondent there was a brief by *Glicksman, Gold
& Corrigan,* and oral argument by *Floyd E. Jenkins,* all of
Milwaukee.

JONES, J.   This is an appeal from an order of the county
court of Milwaukee county in probate sustaining a motion
to dismiss a petition for intervention under sec. 3940b,
Stats., and vacating a citation issued thereunder.

George M. Wakefield died testate in the city of Milwau-
kee in 1903.   His will was admitted to probate and it cre-
ated a number of trusts for the benefit of his children, one
being for the benefit of *Thomas Wakefield,* respondent.

Testator bequeathed to three trustees certain shares of the
capital stock of a corporation in trust to pay over all divi-
dends accruing to respondent during his natural life, and to
his children equally for twenty-one years after his death,

and then to assign the shares to his then surviving children. The will contained other provisions to take effect in case of death of the beneficiaries.

The final decree was entered in the estate in 1913, and in November of that year letters of trust were issued to the trustees and the trust has since been administered by them. The letters of trust contained the usual recitals and, among other things, the following words of grant:

"Now, therefore, our said county court by our authority and in our name has granted and hereby does grant administration and trust of all and singular the goods, chattels, credits, property, and estate of said deceased, assigned and transferred to you in and by said will as aforesaid, unto you, the said Vernon T. Wakefield, Catesby W. Taylor, and George M. Wakefield, Jr. And our said county court does hereby in our name and by our authority grant unto you full power and authority faithfully to administer and dispose of, according to law and according to the provisions of said will; . . ." and the trustees were required: "To render a just and true account annually of your administration in the premises to our said county court and of the management, disposition, and annual income of said trust property and estate. . . ."

The respondent married in 1908, and in December, 1920, an action was commenced in California by the petitioner, his wife, on the grounds of desertion and failure to provide, for permanent support and maintenance, and for alimony. At this time both parties resided in California. Although the respondent filed an answer and cross-complaint, the same was withdrawn and a decree was duly entered in superior court of the state of California in and for the city and county of San Francisco wherein it was ordered and adjudged that petitioner was entitled to permanent support and maintenance by the defendant, and that the respondent should pay to her as alimony for her support and maintenance $150 per month, beginning as of March 26, 1921, and costs for the prosecution of the action, $50.

The present proceeding was brought by the petitioner in the county court of Milwaukee county setting forth the foregoing facts and that the court in which the decree had been entered is a court of general jurisdiction and had jurisdiction of the subject matter and the parties and the decision is in full force and effect; that respondent had failed to pay the sum of $1,200 which had become due under said decree on December 26, 1922, and that an additional sum of $150 would become due on the 26th of each succeeding month; that the respondent was a nonresident of this state; and that he would, after the date of the petition, be entitled to a distributive share of the estate of George M. Wakefield.

The petition prayed that an order be made allowing her to intervene and to compel the application of such share, or so much as may be necessary, to pay the indebtedness to her, and that a citation be issued requiring respondent to appear in answer to the petition.

The respondent appeared by his counsel, specially and not otherwise, and only for the purpose of calling to the attention of the court the absence of jurisdiction, and moved that the proceeding for service of the respondent be vacated and set aside for want of jurisdiction. On the hearing of this petition it was granted and the petition was dismissed for want of jurisdiction.

Portions of sec. 3940*b*, Stats., are as follows:

"*Partitions; satisfaction of creditors of nonresident heirs and legatees; service of citation.* (1) Whenever any legacy or distributive share of any estate being administered in the courts of this state shall be contingently, or thereafter to become due or payable to any debtor who has absconded from or is a nonresident of this state, any creditor of such debtor, may by proper petition, intervene in said proceedings to compel the application of said legacy or distributive share or so much thereof as is necessary, in payment of his debt and whenever it shall be necessary a citation to such debtor to appear at a time certain may be served by publication upon obtaining an order therefor."

Estate of Wakefield, 182 Wis. 208.

The statute then provides for the mode of making the application and service by order of publication. The statute then proceeds as follows:

"(3) . . . Upon due proof of compliance with said order and at the time fixed in said citation said court shall proceed to consider such petition and take such proof, or grant such relief thereunder as shall be just and any order, judgment or determination made by said court in said proceedings shall be binding upon said debtor and shall be *prima facie* evidence in all courts in this state of all facts therein recited. If said creditor shall not be a judgment creditor and any issue or issues shall arise in said proceedings relating to said debt, the court shall have power to stay such proceedings pending the final determination of said issues in said court or any other court having competent jurisdiction thereof. The court may at any time require the petitioner to give a bond in such sum and with such sureties for costs and damages of said proceedings as it may deem proper."

It is conceded that the respondent is a nonresident, and no question is raised as to the regularity of the service.

It is the first objection raised to the jurisdiction of the court that there is here involved neither a legacy nor a distributive share within the meaning of the statute. Counsel cite the following definitions of a legacy as given by the authorities:

"A legacy is a gift of personal property by will."
"A legacy is a bequest of goods and chattels by will or testament."
"A legacy is a gift by will of personal property."
"A legacy is defined as a 'bequest or gift of personal property by last will and testament.'"
"Distributive share means the share which a person takes in personal property in case of intestacy."

Counsel also rely on several cases in the federal courts. *Disston v. McClain,* 147 Fed. 114; *Lynch v. Union Trust Co.* 164 Fed. 161; *Baldwin v. Eidman,* 202 Fed. 968. These were cases arising under the War Revenue Act of

June 13, 1898 (30 U. S. Stats. at Large, 464, ch. 448; U. S. Comp. Stats. 1901, p. 2307), which provided:

"Sec. 29.  That any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from personal property, . . . shall be, and hereby are, made subject to a duty or tax, to be paid to the United States, as follows: . . ."

It was the rule declared in these cases that the statute did not impose a tax on legacies of personal estate on the ground that they were technically vested, but only on such legacies when they came into actual possession and enjoyment, and that the turning over of such a legacy to the beneficiary and the payment of the tax were intended to be contemporaneous; that the specific payments only are taxable as the same from time to time become due and payable to the legatee.

In these decisions the courts recognize the familiar canon of construction of statutes that tax burdens are not to be held laid on a citizen unless the legislative intention is expressed in unequivocal language, and that in case of doubt, statutes imposing such burdens are construed most strongly against the government and in favor of the citizen.

Counsel also cite the case *In re Williams*, 66 Misc. 417, 123 N. Y. Supp. 383.  In a very short opinion without discussion it was there held that "testamentary trustees are entitled to pay the income from trust funds to the guardian of an infant beneficiary pending proceedings for settlement of their accounts without requiring a bond;" that such income was neither a legacy nor a distributive share within the meaning of sec. 2746 of the Civil Code of Procedure.

The definitions above quoted illustrate the broad meaning given to the word "legacy."  It is practically synonymous with the word "bequest," and these words are the most inclusive words relating to the disposition of personal property by will.  It would be difficult to conceive of any word

more aptly describing a payment received by the respondent under this will than the word "legacy."

It is true that the payments are to be made to respondent through the agency of trustees at different times and during his life, but in our judgment that does not alter the fact that they come to him as a legatee under the will.

There are numerous cases in which bequests to trustees directing payments to be made to beneficiaries during life or for stated periods have been considered legacies. It was early held in Massachusetts that a direction to support testator's father during life was a legacy in his behalf. *Farwell v. Jacobs,* 4 Mass. 634. In many cases bequests to trustees providing for beneficiaries are assumed to be legacies with little or no discussion. The following are among the cases of this character: *Pearson v. Chace,* 10 R. I. 455; *Swett v. Boston,* 35 Mass. 123; *Peck v. Kinney,* 143 Fed. 76; *Estate of Flickwir,* 136 Pa. St. 374, 20 Atl. 518; *New England T. Co. v. Eaton,* 140 Mass. 532, 4 N. E. 69; 2 Alexander, Wills, § 662.

It is the next claim of counsel for respondent that sec. 3940*b*, Stats., can only apply in the administration of an estate while it is in the hands of an administrator or executor and until the final decree of administration is entered pursuant to the statute; that after the final discharge of the executor, although there may be administration of particular trusts created by the will, there is no longer administration of the estate as such.

It appears from the record that in the final decree it was adjudged that letters of trust be issued to the trustees on qualification by the trustees and reception of the estate directed to be assigned, "This estate (except for the execution of the trust as aforesaid and still to be performed) be and the same hereby is declared to be finally settled, and said Vernon T. Wakefield as executor be and he hereby is released and discharged from all further liability upon said estate as executor thereof (but not as trustee as to the trusts still to be administered as aforesaid)," etc.

It will be observed that in the decree the estate was not treated as fully administered. It is true that ordinarily when the final judgment is entered in the county court the estate of the deceased is deemed administered. Executors and administrators are discharged and protected, but when as in this case a portion of the estate is transferred to trustees, the court still retains jurisdiction for many purposes. Under the direction of the court the trustees are required to file their inventory; to annually render an account to the court of the management of the estate and the annual income; to faithfully execute the trust under the direction of the court; to adjust and settle the accounts with the court at the expiration of the trust. The court at all times may make such orders as it may deem just and reasonable, subject to the terms of the trust, in relation to the management, interest, and disposition of the trust property and the settlement of the accounts of the trustee.

It has often been held by this court that the county court has full administration in respect to all controversies involved in the settlement of the estates of deceased persons. The trust property held by the trustees for the benefit of the respondent came to the trustees as part of the assets of testator, and that property is still subject in some respects to the control of the court.

Sec. 3940*b* is a remedial statute and was designed to furnish a mode of enabling creditors, under the conditions stated, to collect just debts when no other remedy might avail. In order to carry out the purpose of the act we are disposed to adopt a liberal rather than a narrow interpretation of the statute, and we therefore hold that within the meaning of the statute the estate is being administered in the county court.

The next contention of respondent is that the petitioner is not a creditor and that *Thomas Wakefield* is not a debtor within the meaning of the statute. To sustain this contention counsel cite cases holding that judgments for alimony

are not assignable and are not discharged by adjudications of bankruptcy. These cases do not depend on the theory that when a judgment for alimony is secured by a wife she is not a creditor, but on the principle that such judgments are for her personal maintenance; that she should not be allowed to deprive herself of their benefits by anticipation; and that they should not be alienable. The duty of the husband to make provision for his wife is not discharged by divorce or bankruptcy.

It is a familiar rule that such judgments, unlike others, are revocable for causes intervening after the decree. The ability or inability of the husband to make payments, the diminishing or increasing needs of the wife, and her re-marriage, are all circumstances which may be important considerations in determining whether a provision for alimony should be continued or modified. But the fact that the judgment may be revised by the court in no way indicates that so long as it stands unchanged it is of less binding effect than other judgments.

When a divorced wife has her judgment for alimony she is a creditor and entitled to the remedies of other judgment creditors. This is the rule sanctioned by the great weight of authority. *Wetmore v. Wetmore,* 149 N. Y. 520, 44 N. E. 169; *Conrad v. Everich,* 50 Ohio St. 476, 35 N. E. 58; *Trowbridge v. Spinning,* 23 Wash. 48, 62 Pac. 125; *Chase v. Chase,* 105 Mass. 385; *Lockwood v. Krum,* 34 Ohio St. 1; *Frakes v. Brown,* 2 Blackf. (Ind.) 295.

Since the judgment was entered in the court of another state having general jurisdiction, it should be given the same faith and credit as in the state where rendered. *Barber v. Barber,* 21 How. (62 U. S.) 582; *Kunze v. Kunze,* 94 Wis. 54, 68 N. W. 391.

In holding that the county court had jurisdiction in this proceeding we feel that we are carrying out the purpose and meaning of the statute in question, and that our ruling is in no way inconsistent with the will of the testator. He made no attempt in the will to shield his son from the claims

of creditors. It is not to be presumed that he intended that his son should have the comforts of life but thàt, in the event of marriage, his son's wife should live in want.

*By the Court.*—Order reversed, and cause remanded for further proceedings not inconsistent with this opinion.