## In the Matter of the Estate of HUGH D. FARLEY, Deceased.

Surrogate's Court, Oneida County, August 1, 1924.

**Wills — construction — bequest in lieu of dower not accepted — devisee of real property in trust should be paid amount of bequest in lieu of dower — direction that real property held in trust should be transferred to beneficiary free and clear — enough money should be appropriated to equal amount due on mortgage — executor not chargeable with property not coming into its possession — negligence not shown in sale of automobile for fifty dollars less than inventory — residuum held in trust for infant son with directions for advances — executor should be credited with advances made — if no residuum, amount of advances should be credited against obligation due widow.**

A devisee of real property should be paid the amount of a bequest to the widow in lieu of dower where the widow does not accept the bequest and the real property thereby becomes charged with the dower.

Where real estate is devised in trust to hold until the beneficiary attains a certain age with directions to transfer it to the beneficiary at that age, free and clear, enough should be appropriated to the share of the beneficiary out of the residue of the estate to equal the balance due on the mortgage.

The executor will not be charged with personal property never coming into its possession and of which it had no knowledge.

No negligence was shown in the sale of an automobile belonging to the testator since it appears that it was sold for only fifty dollars less than the inventory.

The executor should be credited with the amount advanced for the support of an infant son since the will provides that a part of the residuum should be held in trust for the son until he reaches the age of twenty-one, and authorized the executor to make the advances. If there is no residuum and, therefore, nothing to be set apart, the amount of the advances should be credited against any obligation due to the widow.

ACCOUNTING proceeding.

*Clarence Stetson,* for the Citizens Trust Company.

*Arthur J. Foley,* for Jessie E. Farley.

*George E. Philo,* special guardian, for Hugh D. Farley, Jr., minor.

JONES, S. Hugh D. Farley died in the city of Utica, N. Y., on the 11th day of December, 1918, leaving a last will and testament which was duly admitted to probate on the 30th day of December, 1918.

He left him surviving his widow, Jessie E. Farley, and three children, Francis E. Farley, Helen E. Farley and Hugh D. Farley, Jr., the last named being a child by his marriage to said Jessie E. Farley, the other two children being by a former marriage.

After the customary direction for the payment of debts, etc., the 2d paragraph of the testator's will reads as follows: " I give and bequeath to my former wife, Jessie E. Mowers, the sum of eight hundred dollars, the same to be in lieu of all dower, thirds, statutory exemptions or any other interest in my real or personal property which she might otherwise have."

The testator then gave to William Long the sum of $300, and to his sister Mary Williams the sum of $700 and to Francis E. Farley, a son, the sum of $500.

The testator gave his real property, incumbered by a mortgage in the sum of $1,200, which consisted of a two-family house and lot, to his executor and trustee in trust, the premises to be managed and controlled by said trustee, it to receive and collect the rents therefrom and out of the same to pay the taxes, assessments, interest and repairs and the interest on the mortgage and all expenses in connection therewith until his daughter, Helen E. Farley, should arrive at the age of twenty-five years with the direction that prior to that time the trustee should pay and discharge the mortgage thereon in the sum of $1,200 out of the corpus of his estate with the further discretionary power vested in the trustee of advancing to said daughter such sums for her support, maintenance and educa-

Surrogate's Court, Oneida County, August, 1924.     [Vol. 123

tion as it might deem necessary. His daughter was to have the privilege of occupying an apartment in the house if in the judgment of the trustee it was deemed advisable. Upon his daughter attaining the age of twenty-five years the trustee was directed to convey to her the premises together with all accumulations remaining unexpended and, to quote the exact phraseology of the testator, " free and clear of all liens and encumbrances."

The testator gave, devised and bequeathed the balance of his property to his executor in trust with the direction that it be divided into two equal parts, one-half together with the accumulations thereon to be paid to his daughter Helen E. Farley when she attained the age of twenty-five years and the other one-half together with the accumulations thereon to be paid to Hugh D. Farley, Jr., upon his attaining the age of twenty-one years, with the further discretionary power vested in the executor and trustee of advancing to either of said children out of their share of such remainder such sums as might be deemed necessary for their support, maintenance and education.

By the last clause of said will the Citizens Trust Company of Utica, N. Y., was named executor and appointed trustee of the trusts therein created.

On the twenty-eighth day of March the executor filed its account of its proceedings as such executor and a petition for the settlement thereof. Subsequently and on the 12th day of May, 1924, objections to the account were filed by Jessie E. Farley, widow of the deceased. The first objection to the account was that Helen E. Farley was allowed the full value of the real estate devised to her by the 2d paragraph of the will without deducting therefrom the amount and value of the widow's dower therein.

The rule is reasonably well founded in this state that upon the election of a widow to take her dower in the real property of which her husband died seized instead of a legacy or devise under a provision of the will in lieu thereof those who are so benefited by the election should contribute in proportion to the benefit received by them to make up the losses of those whose property is subjected to the charge of dower.

Where the widow of a testator declines to accept a provision of the will in lieu of dower, and elects to take her dower in the real estate of which her husband died seized, the devisees of the real property upon which such dower interest becomes charged, may have recourse to the property rejected by the widow, to indemnify them against their loss by reason of their devised property being subjected to the charge of dower. *Sarles* v. *Sarles*, 19 Abb. N. C. 322.

The $800 bequeathed to the widow under the 2d paragraph of said will should be paid to Helen Farley to indemnify her against her loss by reason of the property devised to her being subjected to the charge of dower.  Out of the residue and remainder of the estate a sufficient amount should be appropriated to the share of Helen Farley to equal the balance due on the mortgage against the premises devised to her.

Objection " first " is dismissed.

The " second " objection to the account states that the executor has failed to include in the inventory and account four automobile robes and blankets, one solid gold watch and fob, a Knight Templar uniform, sword and paraphernalia, and also sold an automobile for $600 less than the market value thereof.

It appears from the evidence that the automobile robes, the watch and fob, the Knight Templar uniform, sword and paraphernalia never came to the hands of the executor nor was the existence of these articles brought to the knowledge of the executor.  Some of the articles were sold by members of the family, other articles were taken away by members of the family.  If it is desired that the executor should take means for recovering these articles a demand could be made and proper indemnity given to the executor to secure the estate against loss in case the prosecution of the claim should be unsuccessful.

Articles not shown to have come into the administrator's hands or to have been the property of the decedent during his lifetime should not be charged to the administrator.  *Matter of Robinson,* 48 Misc. Rep. 551; *Matter of Taber,* 30 id. 172; affd., 54 App. Div. 629.

With regard to the automobile, the proof is that it was sold for $400; that it was inventoried at $450.  There was nothing to indicate that the executor did not make diligent and proper effort to procure a sale of the car and it seems to me that the executor exercised entire good faith in the disposition of this automobile. Having in mind the fact that second-hand automobiles are and have been very numerous and difficult to sell and that discretion as to time, place and manner of sale is largely for the decision of the executor, I do not feel it can be charged with negligence in this matter and, therefore, this objection is dismissed.  Surrogate's Court Act, § 214.

Under the 5th clause of the will the trustee is to divide the residuum of the estate into two equal parts, one of which parts is to be held for the benefit of Hugh D. Farley, Jr., until he shall arrive at the age of twenty-one years.  It is also provided that the executor and trustee may in his discretion " advance to and

pay over from and out of their respective shares in such residuum such parts or portions thereof as may be deemed necessary for the support and maintenance or the education of either of them prior to their arrival at such respective ages." From the account it appears to me that the sum of $225 was advanced by the executor for the care, maintenance and benefit of the infant Hugh Farley and the executor should be given credit in the decree for such payment. If there is no residuum and there is nothing to be set apart for the benefit of the said infant this amount could and should be credited against any obligation due to Mrs. Farley.

A mother is entitled to a reasonable allowance for the support and maintenance of a minor child since the death of the father, such allowance not to exceed the funds coming to the child on the accounting, upon the filing of a receipt by her in full of all claims for such support and maintenance during such period of time. *Matter of Lyons Estate*, 137 N. Y. Supp. 171.

A decree may be prepared in accordance with the foregoing.

Decreed accordingly. _____