### GALE v KEYES et

Ohio Appeals, 5th Dist, Morrow Co

No 292. Decided April 5, 1933

T. B. Mateer and Benj. Olds, Mt. Gilead, for plaintiff in error.

Paul Ashbaugh and D. B. Ulrey, Columbus, for defendants in error.

LEMERT, J.

One of the old and well established principles and a rule governing in the construction to be given wills, is to determine the intent of the testator; and another well established rule is that a will is considered to speak from the date of death of the testator, and in some cases may speak from the date of the execution. At the very outset of this opinion we might ask the question: What would have been the intentions of John Gale on the day he wrote his will and supposing he had died thereafter on the same day? It seems clear to us from the will now under consideration that the intention of the testator was to give Reese Gale an equal portion of his estate, and the fact that the testator's lease of life was extended to the 10th day of February, 1931, does not, in our judgment, change the intention of the testator when he executed his will, and the fact that none of the nephews and nieces were named in the will does not change or alter the execution. The rule laid down in **Woolley v Paxson, 46 Oh St 307:**

"The rule as to the lapsing of devises and legacies that prevailed before the statute, defeated, in most cases, the intention of the testator."

The testator made his will with reference to the objects of his bounty as they existed at the time and as though his will would take effect at the date of its execution, not apprehending that a lapse would occur in case any of them should die before himself, unless some express disposition should be made in anticipation of such event. The statute was passed to remedy such disappointments and should receive a liberal construction, so as to advance the remedy and suppress the mischief. It, among other things, provides that where a devise is made to a child or other relative of the testator, who dies before the testator, the issue of such object of his bounty shall take the portion devised to such child or relative. Nothing is more just and conformable to the probable intention of the testator in every instance.

The statute above referred to, being **§10581 GC** provides:

"When a devise of real or personal estate is made to a child or other relative of the

testator, if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done if he had survived the testator."

The only question that can and does arise in the construction of this will is whether as a matter of fact it contains a devise of real or personal estate to Reese Gale, a nephew of the decedent, which the said Reese Gale would have taken had he survived the testator.

The contention is made by the defendants in error that the legacies herein belong to a class, and that the class was to be determined at the death of the testator, and cites a number of authorities under the common law rule that the class must be determined at the death of the testator, but the Supreme Court of Ohio has said in the case hereinbefore cited: Woolley v Paxson, that:

"If no change had been made by statute the rule adopted by the courts for the construction of a devise to children as a class, the construction claimed by the defendants might prevail."

And the court further holding:

"That under a devise to a class each member who survived the testator would independent of the statute take an aliquot part of the devise as a tenant in common with the other survivors and that under the statute in such a case the issue of a deceased member of the class surviving the testator must take what the deceased would have taken had he survived."

"Any other construction would render the statute nugatory in a large class of cases to which its provisions are by the terms directly applicable."

So having in mind in the present case that the legislature of Ohio has adopted a statutory rule for construction in cases like the one at bar, we feel that we are called upon to determine what the intentions of John Gale were on the 21st day of September, 1927. That was the day that he executed his will wherein Reese Gale, his nephew, who had transacted his business for many years past and being the scrivener who wrote the will, did he intend on that day to include Reese Gale as a legatee? If so, the fact of Reese Gale's death preceding the death of John Gale, could not or would not affect his intention, and

the Statute §10581 GC specifically provides: That in cases of this character the issue of Reese Gale takes the legacy that Reese Gale would have taken had he survived the testator.

So that, we find that the court below erred in the construction placed on §10581 GC. The court erred in adopting the common law rule of construction instead of following the statutory rule of construction, and that the finding and judgment of the court below is manifestly against the weight of the evidence and contrary to law.

Therefore, the finding and judgment of the court below will be and the same is hereby reversed.

Entry may be drawn according to this opinion.

Exceptions may be noted:

SHERICK and MONTGOMERY, JJ, concur.