# Staunton

FRANK S. HESTER V. BESSIE ANGELL SAMMONS, ET ALS.

September 9, 1938.

Present, Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Kime & Hoback,* for the appellant.

*Hall, Buford & Carter,* for the appellees.

HOLT, J., delivered the opinion of the court.

This cause deals with a lapsed legacy.

The testator, William R. Hester, an unmarried man, had lived in Salem, Virginia.  Later he moved to Philadelphia

and there executed his will of date July 22, 1934. He died on July 29, 1936, and this will was admitted to probate in the clerk's office of the Circuit Court of Roanoke county on August 10, 1936. One of the beneficiaries under it was a sister, Mary Bell Angell. This beneficiary predeceased her brother, having died in May, 1935. She left, as her distributee surviving, a daughter, Bessie Angell Sammons, and a daughter, Callie Angell Ecklund. There was also a son, John H. Angell, who survived his mother but who has since died. He left a widow, Mrs. John H. Angell, and two children, John H. Angell, Jr., and Wilda Angell.

William R. Hester in his will and in its ninth clause made this provision for his sister, Mary Bell Angell:

"I give and bequeath to my executor and trustee, hereinafter named, the sum of ten thousand dollars ($10,000), in trust, nevertheless, to keep the same invested, with full power, in its discretion, to change the investment or investments from time to time, and to pay the net income thereof to my sister, Mary Bell Angell, of Houston, Texas, and to provide for the payment in cash to my said sister, Mary Bell Angell, out of the principal, the sum of two hundred and fifty dollars per month until the said sum of ten thousand dollars is exhausted, it being my intention and express direction that the said sum of two hundred and fifty dollars ($250) per month shall be paid to my said sister, Mary Bell Angell, each and every month, together with the net income derived from the remainder of the principal in the hands of my trustee."

The children of Mary Bell Angell and the widow and children of her deceased son, John H. Angell, contend that they are entitled to this $10,000, and in support of their claim cite us to Code, section 5238, which reads:

"When issue of devisee or legatee to take estate.—If a devisee or legatee die before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof be made or required by the will. This rule shall

also apply to a devise or bequest to several jointly, one or more of whom die in the lifetime of the testator."

Frank S. Hester, a nephew of William R. Hester, contends that he, as residuary legatee of his uncle, is as such entitled to said $10,000. The twelfth clause of the will reads:

"All the rest, residue and remainder of. my estate, real, personal and mixed of whatsoever nature and wheresoever situate, I give, devise and bequeath, unto my nephew, Frank S. Hester, of Salem, Virginia, absolutely."

The original Virginia statute on this subject appears in the Acts of 1812, chapter 19. It provides that the legacy should pass "to the heirs, devisees, distributees, etc., of such devisee or legatee, in like manner, to all intents and purposes, in law and in equity, and subject to like debts, charges, liabilities and conditions in all respects, as if such devisee or legatee had survived the testator and had then died intestate."

It appears in the Code of 1819, chapter 104, section 5, in this form:

"5. Whensoever any estate of any kind, shall or may be devised or bequeathed by the testament and last will of any testator or testatrix, to any person being a child or other descendant of such testator or testatrix, and such devisee or legatee shall, during the lifetime of such testator or testatrix, die, testate or intestate, leaving a child or children, or one or more descendants of a child or children, 'who shall survive such testator or testatrix;' in that case, such devise or legacy, to such person so situated as abovementioned, and dying in the lifetime of the testator or testatrix, shall not lapse; but the estate so devised or bequeathed, shall 'vest in such child or children, descendant or descendants of such legatee or devisee, in the same manner as if such legatee or devisee had survived the testator or testatrix, and had died unmarried and intestate.' "

In the Code of 1849, chapter 122, section 13, it appears in this form:

"If a devisee or legatee die before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done, if he had survived the testator, unless a different disposition thereof be made or required by the will."

It again appears unchanged in the Code of 1887, section 2523, and reappears in our present Code with this addition:

"This rule shall also apply to a devise or bequest to several jointly, one or more of whom die in the lifetime of the testator."

While this addition does not bear directly on the issue here, it does indicate a purpose on the part of the Legislature to liberalize the statute and to apply it to every possible contingency which then suggested itself.

In its original form, the legacy did not pass directly to the issue of the deceased legatee but was regarded as a part of his estate and subject to his debts. Now the issue takes as the substituted legatees of the deceased ancestor just as if their names had been inserted in the will by the testator himself. An editorial discussion of this subject appears in 5 Va. Law Register, at p. 321.

These distributees of Mrs. Angell take, just as they would have taken had their names been inserted in the ninth clause of said will in her room and stead, and, of course, subject to the conditions under which she would have taken had she survived. This will was written before Mrs. Angell died. The provisions for her benefit are not therefore void *ab initio*. Therefore, we are dealing with a lapsed and not with a void legacy.

It is to be observed that the statute covers estates. That word is exceedingly comprehensive and covers every property of every kind which the decedent might have had. That it covers both realty and personalty is made plain by the statute itself, which is for the protection both òf devisees and legatees.

Had the word "trustee" been omitted from this ninth clause, the situation would have been simple. A testator

may direct that a legacy be paid at the end of a year or in deferred instalments. In such a case, these deferred legacies are none the less ordinary legacies and are to be treated as such.

Deferred legacies are good whether they pass directly through the executor or through the interposition of a trustee. *Bird* v. *Newcomb*, 170 Va. 208, 196 S. E. 605; *Steinway* v. *Steinway*, 163 N. Y. 183, 57 N. E. 312, and *Jarvis' Estate* (1920), 110 Misc. 5, 180 N. Y. S. 324.

It is contended, however, that the testator had undertaken to create a trust which has turned out to be a trust for the benefit of one who had predeceased him and that in the nature of things one cannot set up a trust for the benefit of a dead man.

On settled principles, the wishes of a testator, as gathered from the will itself, are to be followed, if they violate no public policy or no positive rule of law. The testator could not have regarded this $10,000 as a part of the "rest, residue and remainder of my estate," for another disposition of it had already been made, which was, when made, in every respect valid. Any question as to it arises out of a death which thereafter occurred. No public policy is involved.

A statement of the rule invoked and its qualifications appears in a Restatement of the Law of Trusts, section 112. It is there said:

"So, also, if a testator devises property in trust for a person who predeceased him, the devise of the beneficial interest lapses, and the person named as trustee ordinarily holds the property upon a resulting trust for the estate of the testator (see par. 411).

"By statute, however, in many states a devise does not lapse under certain circumstances, as for example if the devisee leaves a child; and under similar circumstances a devise of the beneficial interest under a trust does not lapse."

Has this rule been changed by statute, and how is that under review to be construed?

We have seen that this statute is not for the benefit of the dead legatee but is intended to safeguard the interests of those who take under her.

"In General. It has been held that, as statutes to prevent lapse are in complete derogation of the common law and of the right of the residuary legatee or the heir of the testator, they must be strictly construed. On the other hand, in some jurisdictions it is held that such statutes should receive a liberal construction so as to advance the remedy and suppress the mischief resulting from the common-law rule as to lapse." 69 C. J., p. 1062.

Our court appears to have adopted the latter view, and in *Wildberger* v. *Cheek's Ex'rs*, 94 Va. 517, 27 S. E. 441, 443, Judge Cardwell, quoting with approval from *Nutter* v. *Vickery*, 64 Me. 490, 498, said:

"The statute is in furtherance of what may fairly be presumed to have been the intention of the testator, and, in order to effect its object, it should be construed liberally."

He further said:

"This section made a sweeping change from the common-law doctrine of lapsed or void legacies, declaring what the law should be in the future in no uncertain language, and our courts cannot make exceptions and uphold distinctions where the plain letter of the law recognizes none."

In *Rollins* v. *Merrill*, 70 N. H. 436, 48 A. 1088, it appears that a will contained the following bequest:

"To George Annable, of said Portsmouth, three hundred dollars, to be held by him and applied, at his discretion, for the benefit of Salome B. Stavers."

Annable and Salome B. Stavers both died during the lifetime of the testatrix. Salome left to survive her one son, Andrew L. Stavers. The will contained a residuary clause. No trustee was willing to qualify, and the court was asked to say if the bequest for the benefit of Salome B. Stavers lapsed. In a headnote to that case it is said:

"Under Pub. St. ch. 186, sec. 12, providing that the heirs in a descending line of a deceased legatee shall take the estate in the same manner as such legatee if the latter had

survived, a bequest in trust of a fund, to be applied, in the discretion of the trustee, to the benefit of one S., passes to the descending heir of S. in case of the death of both the trustee and S. before testator, and not to the residuary estate of the latter."

The substance of this holding is that a trust of a specific fund for a beneficiary who died during the lifetime of the testatrix did not lapse for that reason. In other words, we have a trust like that in judgment for a beneficiary who was dead when it took effect upheld.

*In re Wakefield's Estate,* 182 Wis. 208, 196 N. W. 541, 543, it is said:

"There are numerous cases in which bequests to trustees directing payments to be made to beneficiaries during life or for stated periods have been considered legacies. It was early held in Massachusetts that a direction to support testator's father during life was a legacy in his behalf. *Farwell* v. *Jacobs,* 4 Mass. 634. In many cases bequests to trustees providing for beneficiaries are assumed to be legacies with little or no discussion. The following are among the cases of this character: *Pearson* v. *Chace,* 10 R. I. 455; *Swett* v. *Boston,* 18 Pick. (35 Mass.) 123; *Peck* v. *Kinney,* 74 C. C. A. 270, 143 F. 76; *In re Flickwir's Estate,* 136 Pa. 374, 20 A. 518; *New England Trust Co.* v. *Eaton,* 140 Mass. 532, 4 N. E. 69, 54 Am. Rep. 493; 2 Alexander, Wills, sec. 662."

Certain it is that had this testator, in this ninth clause of his will, directed the Bank of Salem, in its capacity as executor, to pay over this legacy, he would have manifested no intention different from that appearing in it as written, wherein it is authorized to act in a dual capacity. And it is equally certain that there could have been no question whatever about the validity of this bequest had the bank been directed, as executor, to disburse it.

In the instant case, Mrs. Angell was not only given an absolute estate, payable in instalments, but also the interest on these instalments. It was as vested as it was possible for the donor to make it in the conditions as he then understood them. If we assume that this was a perfect trust,

the estate created would have been subject to the debts of the beneficiary. Code, section 5157. Plainly it would have been so subject if there was a legacy.

There was no necessity for the interposition of a trustee at all, and no duty was imposed upon the bank which it might not have with propriety exercised in its capacity as executor, or, indeed, which it might not have been ordered to perform had it elected as executor to continue to administer upon this estate. Code, section 5430; *Rixey's Ex'rs* v. *Commonwealth*, 125 Va. 337, 99 S. E. 573, 101 S. E. 404. Its duty as such would have been to hold this fund, to invest it with prudence, and to safeguard and preserve it in order that testamentary instalments might be thereafter met. The power to do this is expressly given to the bank in both capacities.

When we take into consideration the fact that the statute is to be liberally construed, the want of distinction in this case between the power conferred upon the bank in its dual capacity and the power which it had as executor, and that the testator could not have looked upon this $10,000 gift as a part of the "rest" of his estate, we reach the conclusion that the chancellor in the court below was right in holding that we are in substance dealing with a legacy, and that no reason exists for reaching a different conclusion because it was to be held and paid out by the bank as executor and trustee rather than as executor.

The decree of the court below should be affirmed, and it is so ordered.

*Affirmed.*