Maximilian Moss, S.
Petitioner who is the widow of decedent and the general guardian of her daughter Esther Polinsky, an infant who will he 21 years of age on June 14, 1962, requests approval of the court to withdraw from the funds of the infant held in custodia legis moneys to reimburse petitioner for certain expenses in behalf of her daughter Esther, who is a student at Smith College. The petition states that she has spent her junior year from September 1, 1960 to August 31, 1961 in Switzerland attending college there in accordance with the plan provided by her college.
The petition states that Esther has received her one-third share from the estate of her father, David G-. Polinsky, who died on February 1,1959. This amounted to $136,047.56 and was deposited under joint control of this court. The sum of $136,-047.56 was also paid to decedent’s other child Arnold who resides with petitioner. Petitioner as widow of decedent also received $136,047.56 as her share of the estate.
The petition prays that petitioner be reimbursed a total sum of $13,035.25 for the maintenance, education and support of Esther from February 1, 1959 to February 1, 1961, and to be reimbursed the sum of $7,606.22 for the maintenance, education and support of Arnold during like period. In addition, petitioner seeks permission to withdraw the sum of $100 per week commencing February 1,1961 for the support, maintenance and education of Esther, and the sum of $65 per week for the support, maintenance and education of her son Arnold. The court is informed by the amended report of the special guardian that the annual income of each of the infants approximates $6,125.
Petitioner, besides being guardian, was one of three administrators of her husband’s estate. The papers in said estate indicate that she was advised by her attorney that she had a prior right to letters of administration pursuant to section 118 of the Surrogate’s Court Act, but that if she wished she had the right to ask others to join with her as administrators, “ although advised by Mr. Winans (the attorney for the estate) that the *1004 appointment of three administrators would result in a substantial burden on the estate ” (affidavit of special guardian, Max Schulman). She chose the latter at a cost to the estate of $44,996.46, two thirds of which cost was borne by the two infants, Esther and Arnold.
Many applications to withdraw funds of infants are made to this court from time to time. Such petitions are not granted as a matter of course (De Marco v. Seaman, 157 Misc. 390; Voessing v. Voessing, 4 Redf. 360; Freeman v. Coit, 27 Hun 447; Beardsley v. Hotchkiss, 96 N. Y. 201). The fact that the infants are members of petitioner’s family; that the history indicates no prior intention of petitioner to have the infants pay for their support and maintenance; the economic condition of petitioner; and the relative imminence of Esther’s majority (Prisinzano v. A. D. Trucking Co., N. Y. L. J., June 16, 1958, p. 6, col. 4), are factors which among other things were taken into consideration by the court (Matter of Lapides, 144 Misc. 19; 28 C. J., Guardian and Ward, § 188, p. 1117 and cases cited).
Infants’ funds are not ordinarily withdrawn to meet the family’s need, nor to maintain their parents (De Marco v. Seaman, supra; Edwards v. Davis, 16 Johns. 281). Generally infants should have the right to expect money left in the hands of their guardian to be intact when reaching their majority and not a 1 ‘ bundle of court orders ’ ’ which spent the fund for the necessities of life which parents are ordinarily obligated by law to furnish (Gaffney v. Constantine, 87 N. Y. S. 2d 131, 132).
At any event, the general rule does not favor such an allowance from corpus (Matter of Siems, 179 N. Y. S. 875; Matter of Teyn, 2 Redf. 306). “ Income ” and “ distributive share ” are different things and must be considered separately (Matter of Williams, 66 Misc. 417). The court must determine first, whether under all the existing circumstances, either income or principal shall be so applied. Income is first considered, then the corpus. Invasion of the corpus is only warranted when unusual circumstances appear. Although it is within the discretionary power of the court to grant permission to a general guardian to withdraw, from either income or corpus, portions of the infant’s funds, this power is to be exercised with due care and only when the facts and circumstances warrant it (Matter of Russell, 43 N. Y. S. 2d 839; Otis v. Hall, 117 N. Y. 131; Matter of Davis, 98 App. Div. 546; Matter of Bihn, 171 Misc. 80; Hyland v. Baxter, 98 N. Y. 610; Matter of Taylor, 153 Misc. 673; Matter of Lapides, 144 Misc. 19, supra; Matter of Farley, 123 Misc. 564).
Although the mother of an infant is not required to present as strong a case for invasion of either income or principal of *1005 an infant’s funds as is required of a father, neither of her petitions sets forth any facts from which the court would be justified in determining that the mother is not of sufficient financial means to bear the cost of maintenance and education of her children imposed on her by law so as to warrant the exercise of the court’s discretion to permit invasion of corpus. The court will however allow invasion of income as hereinafter limited (Beardsley v. Hotchkiss, 96 N. Y. 201, supra; Matter of Lyons, 137 N. Y. S. 171; Matter of Farley, supra; Matter of Giegerich, 135 Misc. 600).
In the light of all the circumstances and on all the papers and proceedings heretofore had herein, the court in the exercise of its discretion will grant so much of the petition relating to the infant Esther as prays that the general guardian be permitted to withdraw from the income of said infant’s funds the sum of $100 a week commencing February 1, 1961 for her support, maintenance and education. Likewise the court will grant so much of the petition relating to the infant Arnold Polinsky as prays that the general guardian be permitted to withdraw the sum of $65 a week commencing February 1,1961 for the support, maintenance and education of the said infant. The petition for an allowance out of the funds of Esther Polinsky and the petition for an allowance out of the funds of Arnold Polinsky are, in all other respects, denied.