DOLLAR SAVINGS & TRUST COMPANY OF YOUNGSTOWN, TRUSTEE, *v.* TURNER ET AL.; BYRNE ET AL., APPELLEES; GAMBREL ET AL., APPELLANTS.

[Cite as Dollar Savings & Trust Co. of Youngstown *v.* Turner (1988), 39 Ohio St. 3d 182.]

(No. 87-1340—Submitted May 24, 1988—Decided October 26, 1988.)

*Sobnosky & George* and *Edward N. Sobnosky,* for appellees.

*George Glavinos, Jr.,* for appellants.

SWEENEY, J. Both the trial court and the court of appeals concluded that the intent of the settlor was not discernible from the contents of the trust agreement.

We agree that the trust agreement as amended fails to express any specific intent with respect to the disposition of the residuum in the event both Minnie and Harry Applegate predeceased the settlor. It therefore remains to be determined whether R.C. 2107.52 (Ohio's anti-lapse statute) applies to trust agreements. It provides:

"*When a devise of real or personal estate is made to a relative of a testator and such relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, such issue shall take the estate devised*

*as the devisee would have done if he had survived the testator.* If the testator devised a residuary estate or the entire estate after debts, other legacies and devises, general or specific, or an interest less than a fee or absolute ownership to such devisee and relatives of the testator and such devisee leaves no issue, the estate devised shall vest in such other devisees surviving the testator in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all of the surviving devisees, unless a different disposition is made or required by the *will.*" (Emphasis added.)

Appellees maintain and the court of appeals held that R.C. 2107.52 applies only to devises by will. The rationale relied upon is that, inasmuch as the statute is in derogation of the common-law rule that the gift lapses, it must be strictly construed.

Appellants respond that application of the statute to trust agreements furthers the public policy that lapsing of testamentary gifts is not favored. Moreover, appellants maintain that, upon the death of the settlor, the inter-vivos trust was transformed into a testamentary instrument. Consequently, appellants contend that the intent of the legislature is furthered by application of R.C. 2107.52 to trust agreements.

It is our conclusion that the view urged by appellants represents the better-reasoned approach.

While the contention of appellees that statutes in derogation of the common law should be strictly construed is, in a general sense, a valid statement of the law, it has also been held that remedial statutes are to be afforded a liberal construction. R.C. 1.11. See, also, *Schwartz* v. *McAtee* (1986), 22 Ohio St. 3d 14, 18-19, 22 OBR 12, 16, 488 N.E. 2d 479, 483; *Ohio Civil Rights Comm.* v. *Lysyj* (1974), 38 Ohio St. 2d 217, 220, 67 O.O. 2d 287, 289, 313 N.E. 2d 3, 6; *Porter* v. *Fenner* (1966), 5 Ohio St. 2d 233, 34 O.O. 2d 465, 215 N.E. 2d 389; *Wasyk* v. *Trent* (1963), 174 Ohio St. 525, 528-529, 23 O.O. 2d 174, 176, 191 N.E. 2d 58, 61; *Hunt* v. *Rohrbaugh Enterprises, Inc.* (1960), 171 Ohio St. 92, 96, 12 O.O. 2d 122, 125, 168 N.E. 2d 299, 302; *Rice* v. *Wheeling Dollar Savings & Trust Co.* (1951), 155 Ohio St. 391, 396, 44 O.O. 374, 376, 99 N.E. 2d 301, 303-304; *Inter Ins. Exchange* v. *Wagstaff* (1945), 144 Ohio St. 457, 459-460, 30 O.O. 44, 45, 59 N.E. 2d 373, 374-375; *State, ex rel. Maher,* v. *Baker* (1913), 88 Ohio St. 165, 102 N.E. 732, paragraph one of the syllabus. Moreover, this latter rule of statutory interpretation has been deemed to prevail notwithstanding that the remedial legislation represented a departure from a preexisting common-law rule. See *Ohio Civil Rights Comm.* v. *Lysyj, supra,* at 220, 67 O.O. 2d at 289, 313 N.E. 2d at 6; *Gebhart* v. *United States* (1961), 172 Ohio St. 200, 214, 15 O.O. 2d 360, 368, 174 N.E. 2d 615, 624; *McAllister* v. *Hartzell* (1899), 60 Ohio St. 69, 88, 53 N.E. 715, 717.

Accordingly, this court in *Woolley* v. *Paxson* (1889), 46 Ohio St. 307, 314, 24 N.E. 599, 600, observed that the predecessor to R.C. 2107.52 was remedial in nature and was to be liberally construed irrespective of the fact that it was in derogation of the common law:

"The rule as to the lapsing of devises and legacies that prevailed before the statute, defeated, in most cases, the intention of the testator. He generally made his will with reference to the objects of his bounty as they existed at the time and as though his will took effect at the date of its execution — not apprehending that a lapse would occur in case any of them should die

before himself, unless some express disposition should be made in anticipation of such event. The statute was passed to remedy such disappointments, and should receive a liberal construction, so as to advance the remedy and suppress the mischief. * * *'' See, also, *Gale* v. *Keyes* (1933), 45 Ohio App. 61, 14 Ohio Law Abs. 549, 186 N.E. 755.

Similar application of R.C. 2107.52 is warranted in the case *sub judice.* Considering its status as a remedial statute, R.C. 2107.52 must "be liberally construed in favor of the persons to be benefited," *State, ex rel. Maher,* v. *Baker, supra,* at 172, 102 N.E. at 734. With respect to R.C. 2107.52, such persons include both the settlor and the issue of the beneficiary who predeceased him.[1] Equally important is the admonition that a remedial statute should be extended " '* * * beyond its actual language to cases within its reason and general intent.' " *Rice* v. *Wheeling Dollar Savings & Trust Co., supra,* at 396, 44 O.O. at 376, 99 N.E. 2d at 304.

Thus, while R.C. 2107.52, by its terms, applies only to wills, the intent of the legislature is furthered by its application to trust agreements. Inasmuch as the agreement at issue became testamentary in nature upon the death of Gus Dettman, application of R.C. 2107.52 thereto is wholly consistent with the intent of the General Assembly at the time the statute was enacted.

This view is in accord with the decisions of sister states which have considered analogous statutes. See *In re Estate of Button* (1971), 79 Wash. 2d 849, 490 P. 2d 731; *Hester* v. *Sammons* (1938), 171 Va. 142, 198 S.E. 466, 118 A.L.R. 554.

Accordingly, we hold that R.C. 2107.52 is applicable to trust agreements and will operate upon the death of the settlor to prevent the lapse of a gift contained therein so as to vest that portion of the trust res intended for a beneficiary who predeceases the settlor in the issue of the beneficiary.

The judgment of the court of appeals is therefore reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

MOYER, C.J., LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[1] It was acknowledged at an early date that the issue of beneficiaries under a trust agreement who predeceased the settlor were among the class of persons sought to be protected by anti-lapse statutes. See *Hester* v. *Sammons* (1938), 171 Va. 142, 148, 198 S.E. 466, 468, 118 A.L.R. 554, 558.