## CIRCUIT COURT OF GREENE COUNTY

Carroll R. Morris,
Executor, etc.

v.

Sharon M. Deane et al.

June 16, 1993

Case No. (Chancery) 2068-C

BY JUDGE PAUL M. PEATROSS, JR.

This cause comes before the Court for decision based on the pleadings and memoranda submitted by counsel.

### Statement of the Case

On March 3, 1993, Carroll R. Morris (the son and Executor of the Estate of John W. Morris) filed a Bill of Complaint asking the Court for guidance in interpreting the will of the decedent. The will conveyed unequal shares to the children and legally separated wife of the decedent in the following amounts:

| | |
|---|---|
| Kenneth R. Morris | 5% |
| Bert C. Morris | 5% |
| Carroll R. Morris | 50% |
| Sharon M. Dean | 5% |
| Tracy M. Meade | 20% |
| Delisa L. Lam | 5% |
| Erma I. Morris (wife) | 10% |

Before his death, John Morris made an *inter vivos* conveyance of all of his shares in M & M Service and Salvage Yard, Inc., to Carroll Morris. The will states that this conveyance is to be in lieu of the 50% of the estate unless there was a problem with the conveyance, in which case Carroll was to receive the 50% of the estate as specified. The

conveyance to Carroll was good, and thus by the terms of the will, he forfeited his 50% of the estate.

## Questions Presented

1. Whether Carroll's 50% interest (which failed when he received the shares in M & M) passes to the residuary beneficiaries of the will in proportion to the percentages designated by the will, or whether the failure of Carroll's interest creates a partial intestacy resulting in distribution of the 50% according to statute?

2. Whether the heirs of Erma I. Morris and Kenneth R. Morris, both of whom predeceased the testator, are entitled to these beneficiaries' bequests?

3. Whether the children of Ralph Morris, who was bequeathed nothing in the will, are entitled to part of Erma's share as her heirs or to any partial intestacy created by the failure of Carroll's interest?

## Discussion of Authority

1. According to § 64.1–65.1(B) of the Code of Virginia of 1950, as amended:

> Unless a contrary intention appears by the will and except as provided in § 64.1–64.1, if the residue is devised or bequeathed to two or more persons and the share of one fails for any reason, such share shall pass to the other residuary devises or legatees in proportion to their interests in the residue.

Section 64.1–64.1 deals with who takes estate when the devisee or legatee predeceases the testator and is not applicable in this situation. Since Carroll's interest in the estate failed when he received the stock in M & M, his 50% share should pass to the other residuary legatees in the proportions set out by the will.

The Court also notes that there is a strong presumption against intestacy or partial intestacy:

> The only reason anyone can have for making a will is to change the devolution of his property from that prescribed by the statutes of descent and distributions. Hence there is a strong presumption that the testator intended to dispose of his entire estate, and courts are decidedly averse to adopting any

construction of a will which leaves a testator intestate as to any portion of his estate, unless compelled to do so.

*McCabe v. Cary's Executor, Etc.,* 135 Va. 428, 433 (1923).

It is unlikely that the testator would have made such careful provision for the distribution of his estate if he had intended for it to pass by statute in equal proportions. A finding of intestacy would also be contrary to the testator's intent since it would result in inheritance by parties who were intentionally left out of the will.

2. With regard to the inheritance of Kenneth Morris, the Code dictates that his heirs, Jodie M. Edge (daughter) and Christopher B. Morris (son), should take in his place since he predeceased the testator.

> Unless a contrary intention appears in the will, if a devisee or legatee . . . is (i) a grandparent or a descendant of a grandparent of the testator and (ii) dead at the time of the execution of the will or dead at the time of the testator's death, the children and descendants of deceased children of the deceased devisee or legatee who survive the testator take in the place of the deceased devisee or legatee.

Section 64.1–64.1 of the Code of Virginia of 1950, as amended.

The Court has also interpreted this to mean that the issue of a deceased legatee takes as substituted legatees of the deceased ancestor just as if their names had been inserted in the will by the testator himself. *Hester v. Sammons,* 171 Va. 142, 198 S.E. 466 (1938). Kenneth's widow, Donna L. Morris, is not a child or descendant of the deceased legatee and therefore does not take.

With regard to the 10% devised to Erma I. Morris, her heirs do not take in her place. Prior to 1985, the Code provided that "If a devisee or legatee dies before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed unless the will otherwise provides." Section 64.1–64 of the Code of Virginia of 1950, Repealed by Acts 1985, c. 592. Section 64.1–64 was replaced by § 64.1–64.1 which provides that in order for the children of the predeceasing devisee or legatee to take the estate devised or bequeathed, the devisee or legatee must be "(i) a grandparent or descendant of a grandparent of the testator." Section 64.1–64.1 of the Code of Virginia of 1950, as amended.

This change limits taking by descendants of a legatee who predeceased the testator to those cases where the deceased legatee was a

blood relative of the first degree of the testator. Since Erma was the testator's wife and not a grandparent or descendant of his grandparent, her descendants do not take. Erma's 10% goes back into the estate to be divided by the legatees in proportion to their interests in the residue.

3. The children of Ralph Morris, Neil E. Morris, and Jessica R. Morris, do not inherit any portion of the estate. They are not entitled as the descendants of Erma I. Morris to take any of her 10% under § 64.1–64.1, and there is no partial intestacy in the will, so they may not inherit by statute. The Supreme Court has held that an heir may be disinherited by exclusion from the will:

> if it is clear from the will as a whole, construed in the light of the surrounding facts and circumstances, that the testator so intends and effect cannot otherwise be given to that intent, there is no inherent reason why the testator may not "take away the inheritance of the heir" if he so chooses, without the use of express words.

*McCabe v. Cary's Executor, Etc.*, 135 Va. 428, 447 (1923). The will made no provision for Ralph, thereby excluding him from inheritance. Any award to his descendants would be contrary to the testator's intent.