FIRST HUNTINGTON NATIONAL BANK *v.* ANNA E. COLVIN *et al.*

(No. 7622)

Submitted October 4, 1933. Decided October 17, 1933.

*George S. Wallace,* for appellant.
*Henry L. Ducker,* for appellee Anna E. Colvin.

HATCHER, JUDGE:

This is a suit to construe a will. The sole question presented is, can certain annuities, directed by the will to be paid *from the income* of a trust estate, be supplemented *from the corpus of that estate* so far as the income therefrom is insufficient to pay the annuities? The circuit court answered the question in the affirmative, and the residuary legatee and devisee appealed.

The will in question is that of W. T. Colvin. He devised and bequeathed the bulk of his estate to a trustee, mainly for the purpose of arranging the payment of certain legacies, and made his nephew, H. C. Cox, the residuary legatee and devisee. The testator bequeathed to his "beloved wife", Anna, (1) all of his household goods including his automobile, to be hers absolutely; (2) the use and occupation of his residence, free of rental, for her life; and (3) the sum of $300.00 a month to be paid by the trustee "out of the income" from the trust property. He bequeated to a cousin, George Ann Colvin, the sum of $50.00 a month payable from the income of the trust estate. He further provided that in case the annuities bequeathed his wife and his cousin should prove insufficient for their respective wants, because of sickness or other adventitious circumstance, then the trustee (in its discretion) could supplement the annuities from the income and "if absolutely necessary, out of the corpus of said trust property." Other bequests were made, and the trustee was directed to expend from $7,500 to $12,000 of the income from the trust estate in the erection of a mausoleum, but was cautioned to postpone that expenditure if it would interfere with the payment of "the annuities" (the testator's own words) provided by the will.

The bill alleges that the estate of the testator appraised $93,381.99; that due to the fact that a large portion of the

estate consists of "common stocks" which are not paying dividends now, the estate is not producing sufficient income to pay the annuities bequeathed the testator's wife and cousin; and that any amount less than the respective annuities provided for the wife and cousin would be insufficient for their several wants. Those allegations are not denied.

In 1792 the Supreme Court of Virginia stated that all judges, both ancient and modern, agreed that the cardinal rule in construing a will is the intention of the testator. See *Kennon* v. *McRoberts,* 1 Wash. (Va.) 96, 102. That rule was repeated from time to time by the Virginia court, was adopted by this Court in the early case of *Graham* v. *Graham,* 4 W. Va. 320, 322, and has never since been questioned in this jurisdiction. The following comprehensive statement of the rule is made in *Woodbridge, Ex'r.* v. *Woodbridge,* 88 W. Va. 187, 106 S. E. 437: "The purpose of construction of wills is to ascertain the intention of the testator as expressed in the instrument, and to this end the courts will consider the whole paper together, the apparent purpose sought to be accomplished by the testator, and the means used to that end, as well as any other circumstances disclosed by the will which aid in determining such intention."

It is apparent from the will that the testator expected the income from the trust estate to pay the annuities and that he desired the estate to be preserved intact for his nephew. It is equally apparent that he did not let the preservation of the estate weigh against *the wants* of his wife and cousin. The solicitude of the testator for the annuitants, appearing throughout the will, repels any inference that he meant for them to suffer in case the trust property became unproductive. He, himself, determined the *quanta* to be paid the annuitants. We would have no right judicially to reduce those payments, especially in view of the undisputed allegation of the trustee that smaller sums would not meet the wants of the annuitants. Since the testator permitted an invasion of the corpus of the trust property for the purpose of increasing the annuities to meet the wants of the annuitants, it would seem clear that if lesser sums than the annuities are insufficient to meet their wants, a like invasion was contemplated in case the income failed to produce the annuities.

A legacy is designated "demonstrative" when made payable from a particular fund. The annuities herein are *in the nature* of demonstrative legacies. *Smith* v. *Fellows,* 131 Mass. 20, 22. In that case, as here, there was a bequest of an annuity to be paid from the income of the testator's property, and the court held that while the bequest had "a prior right to payment out of the fund charged," it was "payable at all events out of the principal of the estate if the fund proves inadequate." A like holding was made in *Shepard* v. *Bryan,* 195 N. C. 822, 143 S. E. 835, in regard to legacies payable "out of the income" from the testator's estate. Accord generally: *Bradford* v. *McConihay,* 15 W. Va. 732, 766-7; 3 Minor's Inst. 589; Pomeroy's Eq. Juris. (4th Ed.), sec. 1133; Woerner, The Am. Law of Administration (3d Ed.), pp. 1513, 1542, 1564; Page on Wills (2d Ed.), secs. 1036, 1230-1; Alexander, *idem,* sec. 658-9; Underhill, *idem,* sec. 406, 768; Harrison, *idem,* sec. 296 (2) ; 28 R. C. L., *idem,* sec. 266; 40 Cyc., *idem,* 1870-1; and the numerous citations in the annotations on demonstrative legacies in 6 A. L. R. 1353 and 73 A. L. R. 1250.

The decree of the circuit court is affirmed.

*Affirmed.*