**FRYE v BURK et**

Ohio Appeals, 3rd Dist, Hancock Co

Decided Sept 15, 1936

M. C. Downing, Findlay, for appellee.
W. S. Snook, Findlay. for appellant.

## OPINION

By GUERNSEY, J.

This case comes into this court by appeal on questions of law and fact, the notice of appeal having been filed by the defendants, appellants, Eva M. Johnson Burk and Marilynn Johnson.

This is an action brought by Samuel H. Frye, as successor trustee of the trust created by the will of Harry Johnson, deceased, plaintiff, against Eva M. Johnson Burk, Marilynn L. Johnson, a minor under the age of fourteen years, The Findlay Elks Home Association of Findlay, Ohio, and The Home & Hospital Association of Findlay, Ohio, as defendants. The defendants are all of the beneficiaries under the will of Harry Johnson, deceased. The action is, for the construction of certain portions

of the will and is submitted to this court upon the amended petition filed by the plaintiff herein, and the answer of William S. Snook as guardian ad litem of the defendant, Marilynn L. Johnson, a minor under the age of fourteen years. The other defendants are in default for answer or demurrer in the cause. The will, the construction of which is sought, is in the words and figures following:

"I, Harry Johnson, of the city of Findlay, County of Hancock and State of Ohio, do make and publish the following as my last will and testament, hereby revoking all former wills made by me.

"Item I. I direct that all my just debts and funeral expenses be paid out of my estate as soon as practicable after the time of my decease.

"Item II. I give and bequeath to my wife, Eva M. Johnson, all my household goods, useful and ornamental, clothing, jewelry, my automobile or such automobile as I may own at the time of my death, and all other chattel property in use or intended for use in and about my residence in Findlay, Ohio, or the grounds connected therewith, at the time of my decease to be for the use of my said wife and our daughter, Marilynn L. Johnson.

"Item III. All of the rest and residue of my estate, real, personal and mixed, of every kind, name and description wheresoever being or situate, which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to The American First National Bank of Findlay, Ohio, its successors and assigns, in trust, however, upon the trusts and for the objects and purposes following, to-wit: Said trustee, or its successors in the trust, shall hold, manage and control such property during the continuance of the trust, with full power as to real estate to improve, lease, rent, insure, sell and convey the same or any part thereof, in the exercise of its discretion; and as to the personal property, to hold, control, sell, invest and reinvest the same in such manner as it may think best, with full power of converting realty into personalty, and personalty into realty and if my said trustee, in the exercise of its discretion sells any or all of my real estate, I hereby authorize and empower it to execute and deliver deeds to the purchaser or purchasers thereof as fully and with like effect as I could do if living.

"I authorize and empower my said trustee to vote any and all stock belonging to my estate at any stockholders meeting. In case my wife, Eva M. Johnson, and daughter, Marilynn L. Johnson, or either of them, or the survivor of them, shall desire to use and occupy our home at 302 East Lincoln Street, Findlay, Ohio, as their, or her fixed place of residence, they shall be permitted the use thereof without the payment of rent. In the event that such home shall not be required by my wife and daughter, or either of them, after my death for such use, or, in case of such use being discontinued by them, such property shall be treated as property in the possession of my trustee, for conversion into income producing property according to its judgment.

"One-half of such trust estate shall be taken to be held for the use and benefit of my wife, Eva M. Johnson during her life, and during such time my trustee shall pay to her quarterly, or oftener, the income arising from said one-half (½) thereof, after payment of its proper proportion of the expense attending the administration of the trust, and if in the judgment of my trustee the income from the one-half (½) of said trust estate is insufficient to properly support my said wife, then so much of the principal as is necessary of such one-half (½) can be used for her proper support, and on the death of my said wife, if my said daughter Marilynn L. Johnson has at that time arrived at the age of twenty-five (25) years, such one-half (½) of such trust estate as held for my said wife shall pass from said trust estate to my said daughter Marilynn L. Johnson, but in the event that she has not, at the death of my said wife, arrived at the age of twenty-five (25) years, then said trustee estate as held for my said wife shall be, by said trustee, held and managed in like manner as herein provided and upon she, my said daughter, arriving at the age of twenty-five (25) years, same shall be transferred and paid over to her by said trustee. The other one-half (½) of such trust estate shall be taken to be held for the use and benefit of my daughter, Marilynn L. Johnson during the life of my said wife, Eva M. Johnson, or until my said daughter arrives at the age of twenty-five (25) years, during which time the trustee shall use the income or so much thereof as is necessary for the proper support, education and maintenance of my daughter, Marilynn L. Johnson, after deducting its proper proportion of the expense attending the administration of the trust, and if, in the judgment of my trustee the income from the one-half (½) of said trust estate is insufficient to properly maintain, educate and support my said

daughter, then so much of the principal as is necessary of such one-half (½) can be used for her proper maintenance, education and support. Upon the death of my said wife, Eva M. Johnson, I direct said trustee at said time if my daughter, Marilynn L. Johnson, has then attained the age of twenty-five (25) years, if not when she does attain the age of twenty-five (25) years, by proper instrument of conveyance to transfer, assign and deliver to my said daughter, Marilynn L. Johnson, all of said trust property, both real and personal, to be hers and her heirs absolutely and in fee simple. Should my said daughter die before the death of my said wife leaving a widower and issue, or no issue but a widower, then said widower and issue of my said daughter, or in event of no issue then said widower shall receive the income from the one-half (½) of said trust estate as taken and held for my said daughter during the life of my said wife. It is my further will and desire and I hereby direct that should my said daughter, Marilynn L. Johnson, die before said trust estate as provided for herein is turned over to her leaving a widower and issue, said trust estate shall, upon the death of my said wife, pass to and vest in such widower and issue according to the laws of descent and distribution of the State of Ohio, but should she, my said daughter, die before said trust estate is turned over to her leaving a widower, but no issue, then said trust estate shall, upon the death of my said wife, pass to and vest in her widower, and should she, my said daughter die before said trust estate is turned over to her leaving neither widower or issue, then, upon the death of my said wife, I direct that said trust estate be converted into money by said trustee and disposed of as follows: Ten Thousand ($10,000) Dollars thereof I give and bequeath to the Findlay Elks' Home Association to be used toward paying off the indebtedness of said The Findlay Elks' Home Association.

"All the residue and remainder thereof I give and bequeath to The American-First National Bank of Findlay, Ohio, its successors and assigns, in trust, however, for the following uses and purposes, to-wit: To invest as a fund known as the 'Harry Johnson Fund,' and to hold, manage, control, invest and reinvest the same in United States, state, county, township or municipal bonds, or in first mortgages upon improved real estate, or in such other securities of unquestioned safety as it may deem wise, giving to the trustee discretion as to the terms, conditions and rate of interest in respect to such investments or loans and the net income therefrom shall be paid semi-annually to the trustee of the Home & Hospital of Findlay, Ohio, to be used by said trustees in making better the charity wards of said hospital.

"Item IV. I do hereby nominate and appoint The American-First National Bank of Findlay, Ohio, its successors and assigns, as executor of and trustee under this my last will and testament, giving to my said executor and trustee full power in its discretion to do any and all things necessary to complete the administration of my estate including the power to sell, at public or private sale, any or all real or personal property belonging to my estate and deeds to purchasers thereof to make, exercise and deliver as fully as I could do if in full life.

"In Witness Whereof, I have hereunto set my hand at Findlay, Ohio, this 20th day of January, in the year of our Lord one thousand nine hundred and twenty seven, (1927).

"Harry Johnson.,

"Signed and acknowledged by the said Harry Johnson as and for his last will and testament in our presence and by us subscribed as attesting witnesses at his request and in his presence and in the presence of each other, this 20th day of January, A.D. 1927.

"Grace Harris
"Charles E. Jordan."

The questions submitted to this court, as to the true construction of the will, and the answers thereto, are as follows:

.1. Was the power given to the trustee in Item III and other provisions of the will to turn personal property into real estate and real estate into personal property, sufficient power to set up the proper divisions to each beneficiary named in paragraphs 2 and 3 of Item III of the will?

1. Under the provisions of the second sentence of the first paragraph of Item III, the plaintiff trustee is authorized and empowered to hold, manage and control all the property bequeathed and devised in trust, under the provisions of the Item, during the continuance of the trust, with full power as to real estate to improve, lease, rent, insure, sell and convey the same, or any part thereof, in the exercise of his discretion, and, as to personal property, to hold, control, sell, invest and reinvest the same in such manner as he may think best, with full power of converting realty into

personalty and personalty into realty, and is also authorized and empowered, if in the exercise of his discretion he sells any or all of the real estate held in trust, to execute and deliver deeds to the purchaser or purchasers thereof as fully and with like effect as the testator could do if living. Under this provision and the other provisions of the will, the trustee has the authority and power to turn personal property into real estate and real estate into personal property in order to set up the proper division of the trust property, so that the payments of income and principal to Eva M. Johnson and Marilynn L. Johnson, respectively, may be made from separate parts thereof.

2. In paragraph 2 of Item III the will provides: "In case my wife, Eva M. Johnson, and daughter, Marilynn L. Johnson, or either of them, or the survivor of them, shall desire to use and occupy our home at 302 East Lincoln Street, Findlay, Ohio, as their, or her fixed place of residence, they shall be permitted the use thereof without the payment of rent. In the event that such home shall not be required by my wife and daughter, or either of them, after my death for such use, or, in case of such use being discontinued by them, such property shall be treated as property in the possession of my trustee, for conversion into income producing property according to its judgment."

Does this provision of the will give the widow and daughter the right to the use of the entire home, to use and control as she or they see fit, so long as they desire to use and occupy it?

Does the will give to the widow and daughter the right to use and occupy this property as a whole, or only the right to the use and occupancy of a part only and had the trustee, before the widow and daughter discontinued the use of the property, the right to convert the same or part of it into income producing property?

Have the widow and daughter, so long as they occupy and use this property as their permanent place of residence, the right to rent any part of it and collect and use the rents for themselves as they see fit? Have they the right to use and occupy the entire home? Does the word "property" mean the entire property, or does it mean only a few rooms? What do the words, "them, or the survivor of them," mean?

2. Under the provisions of Item III of the will, referred to in question 2, the property involved is described as "our home at 302 East Lincoln Street, Findlay, Ohio," and this description shows that it was the intention of the testator that the property was to be treated as a whole and there is no other provision of the will showing a contrary intention. The testator by the use of the words "use and occupy," in connection with the right willed to them in the premises, intended that their right to the premises should not be limited to the occupation, but should include use for other purposes. The answer to question 2, therefore, must be in the affirmative, subject to the condition that the right to such use and occupation shall continue only so long as either Eva M. Johnson or Marilynn L. Johnson use and occupy said premises as their, or her fixed place of residence.

For the reasons mentioned above, the will gives to the widow and daughter the right to use and occupy the property mentioned, as a whole; and the trustee, before the widow and daughter discontinued the use and occupation of the property, had, and has, no right to convert the same or part of it into income producing property. However, as the income produced from the property is distributable as income of the estate, to the beneficiaries mentioned, the beneficiaries have suffered no financial loss if the trustee converted a portion of this property into income producing property.

The widow and daughter, so long as they use and occupy this property as their permanent place of residence, have the right to rent any part of it, and to collect and use the rent for themselves as they see fit, or they may use and occupy the entire home. The word "home," as used in the clause referred to, means the entire property. The words "them or the survivor of them" designate Eva M. Johnson and Marilynn L. Johnson, or the one of them who survives after the death of the other.

3. Do paragraphs 2 and 3 of Item III of the will require a division of the estate between the widow and daughter? If so, has the trustee power to set up a division of the estate between the widow and the daughter which in his judgment is fair and just to both beneficiaries? If it is not to be divided, but held as a whole, would not this make possible a condition whereby one beneficiary might cause the interest and rights of the other beneficiary in the corpus of the estate to become depleted? Under this provision of paragraph 3 of Item III, is the widow entitled to a statement

from the trustee, showing income and disbursements, quarterly?

3. Under the provisions of Item III, the trust estate is bequeathed and devised as a whole to the trustee in trust for the uses and purposes mentioned in the will. In the first sentence of paragraph 3 of Item III the following expression is used: "One-half of such trust estate shall be taken to be held for the use and benefit of my wife Eva M. Johnson during her life. * * *." And, in the second sentence of said paragraph, it is provided: "The other one-half (½) of such trust estate shall be taken to be held for the use and benefit of my daughter, Marilynn L. Johnson during the life of my said wife, * * *." None of these provisions, or other provisions of the will, require the setting aside and separating of the trust estate into separate funds. or to treat the halves of the estate referred to otherwise than as undivided halves. However, if the trustee, in the administration of the trust property, pursuant to the provisions of the will. in the exercise of his discretion thereunder, makes payments for the support of either Eva M. Johnson Burk or. Marilynn L. Johnson out of the corpus of the halves of the estate designed for their support, the trustee is authorized and empowered, in order to facilitate the administration of the trust estate and to prevent confusion and controversy in the administration thereof, to make division of the estate so that that part of the corpus of the estate designed for income and support payment for Eva M. Johnson Burk may be kept in a fund separate and apart from the balance of the trust estate. If such division is made the trust fund shall be divided into two separate equal parts, but until the real estate comprising a part of the general trust fund is converted into money, an undivided half thereof may be carried as a part of each of such separate funds. The trustee is not vested with any discretion in determining the values of the items of property composing the general trust fund for the purpose of making such division, and there should be set apart in each fund an equal number of items of the same character and denomination.

There is no provision of the will requiring the trustee to furnish either Eva M. Johnson or Marilynn L. Johnson quarterly statements showing income and disbursements, and the matter of accounting is therefore subject to the ordinary rules of law relating to. trustees of testamentary trusts. Either of said beneficiaries, however, is entitled at

reasonable times to inspect the books and records of the trustee with reference to such trust estate and it is the duty of such trustee, upon request of either of them at reasonable intervals, to furnish the person requesting, information as to the condition of such trust estate.

4. Is the widow a property owner under the provisions of the will? Does the widow have to pay taxes on real estate?

4. Eva M. Johnson Burk, as one of the cestuis que trust under the will, has an equitable interest in the real estate. The legal title to the property is vested in the trustee and the trustee under the will is required to pay the taxes on such real estate.

5. What is the meaning of the phrase "after payment of its proper proportion of the expenses attending the administration of the trust?"

5. The phrase "after payment of its proper proportion of expenses attending the administration of the trust," following the words "the income arising from said one-half thereof" in the fourth, fifth and sixth lines of the third paragraph of Item III of the will. means that all of the expenses of the administration of the trust estate, including the commission of the trustee, are to be deducted before any income payments from the trust estate are made to Eva Johnson Burk, and that such proportion of all such expenses are to be deducted from the income of that part of the corpus of the estate from which income payments are to be made to said Eva Johnson Burk, as such part of the corpus bears to the entire estate.

6. What do the words "use and benefit," and "proper support" mean, as used by the testator in paragraph 3 of Item III?

6. The phrase "use and benefit," used in the second line of the third paragraph of Item III. is used in its ordinary sense to indicate that one-half of such trust estate is held in trust for Eva M. Johnson upon the terms and conditions in the item set forth, it being the phrase customarily used to indicate that property is held in trust for a designated beneficiary; and the phrase "proper support," used in the first sentence of the paragraph, comprehends all such means of living as would enable Eva M. Johnson Burk to live in the style and condition and with a degree of comfort suitable and becoming to her station in life, and includes everything, necessaries and luxuries, which a person in her station in life

is entitled to have and enjoy. 60 Corpus Juris, 1171-1172.

7. Has the trustee the right and power to use the income of the widow's one-half of the trust estate in making permanent and expensive repairs to properties of the estate? Would the other beneficiary or beneficiaries mentioned in the will profit thereby, in the end, to her disadvantage and loss? Has the trustee the right to do this and claim that it is the widow's proper proportion of the expenses attending the administration of the trust, or is her proper portion of the expenses attending the administration of the trust one-half of the expense the law allows the trustee for his services in managing and controlling the estate?

7. It is the duty of the trustee to preserve and conserve the properties of the trust estate for the purpose of producing income to provide means to make the payments provided for in the will, and in the performance of this duty the trustee has the right and power to use the income from the whole of the trust estate in making permanent and expensive repairs to properties of the estate, subject, however. to the condition that he shall not abuse his discretion in this respect; and in case the trustee shall have any doubt as to the extent of such repairs proposed to be made by him, he should apply for and secure the direction of a court of competent jurisdiction with reference to the making of such repairs. The expenses of the making of repairs to properties of the estate is a proper expense of the administration of the estate. The one-half of the estate, the income of which is to be paid to the widow, is chargeable with half of all expenses attending the administration of the trust, and such charge is not limited to one-half of the commission the law allows the trustee for his services in managing and controlling the estate.

8. Does the will authorize the trustee to act in like manner and with like authority as Harry Johnson would act, if he were alive, in the selling of real or personal property and reinvesting the proceeds of such sales in real or personal property?

8. In the first paragraph of Item III of the will the trustee is authorized, if in the exercise of his discretion he sells any or all of the real estate, to execute and deliver deeds to the purchaser or purchasers thereof as fully and with like effect as the testator could do if living; and in the same

paragraph the trustee is authorized and empowered to sell and convey the real estate or any part thereof in the exercise of his discretion. In the exercise of his discretion in this respect, he is governed by the general rules applicable to trustees and does not have the authority Harry Johnson, if living, would have to sell such real estate.

9. The will provides that the income arising from the one-half of the estate, after payment of its proper proportion of this expense attending the administration of the trust, shall be held for the use and benefit of the wife, and paid to her quarterly, or oftener, and "if in the judgment of my trustee the income from the one-half (½) of said trust estate is insufficient to properly support my said wife, then so much of the principal as is necessary of such one-half (½) can be used for her proper support." Does this provision give to the trustee the sole power of determining what shall constitute "proper support," "use and benefit"? Has the trustee the right to say that the proper support, use and benefit of the widow shall be limited to the bare necessaries of life, or is she entitled to what might be considered some of the luxuries of life, for example an automobile, if the estate was of such an amount in value as to provide her one to be paid out of the corpus of the estate, and not force her to buy one out of her income? Or, if her income was insufficient to buy a few of the ordinary luxuries, should the trustee buy them out of the one-half of the corpus of the estate? This same question may be raised as to the provisions of the will in regard to the minor.

9. The provision "if in the judgment of my trustee the income from the one-half (½) of said trust estate is in- sufficient to properly support my said wife, then so much of the principal as is necessary of said one-half (½) can be used for her proper support." does not vest unrestrained discretion in the trustee to determine whether the income from the one-half of the trust estate is insufficient to properly support the widow of Harry Johnson.

The discretion of trustees may, without impropriety, be likened to that of judges. It is not an arbitrary discretion. It does not include the unrestrained power to do what the trustee pleases. The trustee, instead of doing merely what, in his present circumstances, he chooses to do, in deference to his interests or inclinations, is to do that which his honest, disinterested

judgment approves, or ought to approve. 26 Ruling Case Law 1373-1374.

The phrase "proper support" used in this clause has the same meaning as the phrase "proper support" set forth in our answer to question six.

Primarily, it is the duty of the trustee to determine what amount is required for her proper support, and in doing this he shall take into account the age of the widow, her condition and prospect as to health, the size of the estate and her station in life. **18 Ohio Jurisprudence 460; Moore v Admr. of Moore, 46 Oh St 89,** at page 92, 18 NE 489.

His discretion respecting the amount required to be applied to the support of the widow will not be controlled by a court of equity if the trustee has exercised a discretion within the limit of a sound execution of the trust. 26 Ruling Case Law 1373. His discretion, however, in this respect, is not an arbitrary discretion and is similar to the discretion exercised by judges, and is subject to the rules hereinbefore set forth. If the trustee is in doubt as to the manner of the exercise of this discretion, he is entitled to apply to the court for directions from time to time. Similar provisions of the will in regard to the minor child are to be construed in the same manner.

10. The will provides "in the event that she (the minor) has not, at the death of my said wife, arrived at the age of twenty-five (25) years, then said trust estate as held for my said wife shall be, by said trustee, held and managed in like manner as herein provided and upon she, my said daughter, arriving at the age of twenty-five (25) years, same shall be transferred and paid over to her by said trustee." If it is to be held and managed in like manner, as herein provided, what would be done with the income from this one-half, which went to the widow during her lifetime, until the daughter had arrived at the age of twenty-five years?

10. Question ten relates to a contingency that has not happened and may not happen. This is an appeal on questions of law and fact and in this case this court has only chancery jurisdiction and does not have jurisdiction under the Declaratory Judgment Act. Under the chancery practice this court does not have jurisdiction to determine the rights of the parties upon contingencies which have not

happened and may not happen in the future, and consequently will not pass on this question. When and if a contingency happens, the trustee may apply for directions to the Probate or Common Pleas Court.

11. The will further provides: "And should she, my said daughter die before said trust estate is turned over to her leaving neither widower or issue." Now the question is, if that event should happen (say ten years before the death of the widow), what would be the disposition of the income of the minor's one-half of this estate during the interval?

11. This question is also based on a contingency which has not happened and may not happen and will not be passed on for the same reason.

12. In paragraph 3 of Item III, the question is: Does the court feel that the trustee should contract with the mother, if living, for the ordinary support of the minor, and should clothes and education and music lessons, etc., that the trustee might deem necessary, be paid by the trustee out of the one-half of the income belonging to the minor, over and above the amount allowed the widow for the minor's ordinary support?

12. This question involves details of administration of the trust estate. This case was submitted upon the amended petition and answer, without evidence, and there are no facts before this court upon which it can base a judgment as to what should be done in the premises. If in doubt, the trustee should make application for direction to the Probate or Common Pleas Court, setting forth the facts upon which a judgment may be based.

13. If the estate is divided, should it not be divided in a way in which one beneficiary could not infringe on the rights of the other? If the trustee should set up a division between the two beneficiaries, giving each a one-half interest in each and every property belonging to the estate, then if any of the corpus is to be used for the "use, benefit and proper support" of either beneficiary, the proceeds from such sale could, in that event, be credited, the one-half to the beneficiary for whose use or benefit the corpus was sold, and the other one-half to the other beneficiary. Would this not be the only fair and just manner of making a division of this estate? Otherwise, the trustee could set apart to the widow, for her use, proper support and benefit, one property of the real estate of one-half the value of the whole estate, and if for any reason it then became necessary to sell it to pro-

vide for her use, benefit and proper support, she might be compelled to sacirfice upon a poor market what otherwise would be to her and to the other beneficiary, eventually, a very valuable piece of property.

13. The answer to question three is applicable to this question.

The guardian ad litem is allowed a fee of $25 payable by the trustee out of the trust estate, for his services herein. Decree will be entered in accordance with this opinion.

Decree accordingly.

KLINGER, PJ, and CROW, J, concur.