## ELIZABETH F. WADE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5206.    Promulgated July 12, 1945.

*Carter T. Louthan, Esq.*, for the petitioner.
*Clay C. Holmes, Esq.*, for the respondent.

### OPINION.

SMITH, *Judge*: This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1940 in the amount of $21,654.14. Certain of the issues have been settled by stipulations of the parties. The sole remaining issue is whether the respondent has properly included in petitioner's income, as distributable income of a trust of which she was life beneficiary, a portion of the income of the trust for the taxable year which the trustee transferred to the executor of the grantor's estate to pay interest on an additional Federal estate tax determined to be due from the estate.

The principal facts have been stipulated.

The petitioner is a resident of Santa Barbara, California. Her income tax return for the calendar year 1940 was filed with the collector of internal revenue for the third district of New York.

Petitioner's husband, Jeptha H. Wade, Jr., created a revocable trust in 1930, naming the Union Trust Co. as trustee and the Cleveland Trust Co. as successor trustee. Thereafter he amended the trust from time to time, pursuant to powers reserved in the original trust agreement. The last amendment was made on September 14, 1935. The Cleveland Trust Co. was then acting as trustee. As so amended the trust agreement provided that after the grantor's death the trust estate should be divided into two equal parts, A and B, and that all of the income from both parts should be paid to the grantor's wife, petitioner herein, for life. In addition to such income the trustee was authorized to pay to the petitioner so much of the principal of part A as she might from time to time request by written instrument, and so much of the principal of part B as the trustee might deem "necessary, proper or fit to provide for her maintenance, support, comfort and enjoyment." Petitioner was given the right to dispose of the remainder of part A by will.

The trust agreement as amended further provided:

THE TRUSTEE SHALL HAVE POWER:

\*  \*  \*  \*  \*  \*  \*

3. To determine whether money or property coming into its possession shall be treated as principal or income, and to charge or apportion gains, expenses and losses to principal or income, according as it may deem just and equitable; \* \* \*.

\*  \*  \*  \*  \*  \*  \*

As soon as practicable after my decease the Trustee shall determine the value of the trust estate by making an appraisal of all of the trust assets and by deducting from the gross value so determined the total amount of all indebtedness of the trust assets or for which the trust assets may in any way be pledged or charged and the total amount of all succession, estate and inheritance taxes paid or payable under the provisions hereinafter made.

\*  \*  \*  \*  \*  \*  \*

Any succession, estate, or inheritance taxes that may be levied or assessed by reason of any gifts, either of income or principal hereunder, shall be paid by the Trustee out of the principal of the trust estate.

It was further provided that the trust should be administered under the laws of the State of Ohio.

The trust as amended continued in effect up to and during the taxable year 1940. The grantor died December 3, 1936, a resident of the State of New York. In the estate tax return filed by his executor the assets of the trust were included in the grantor's estate at a value on the optional valuation date provided by section 302 (j) of the Revenue Act of 1926, as amended, of $1,431,018.76. The total value of the gross estate as reported was $1,474,784.49. The return showed an estate tax liability of $231,175.77, which the executor paid on August 5, 1938. Thereafter the Commissioner determined an additional estate tax liability of $167,609.79. That deficiency resulted from an increase of $357,101.04 in the value of certain of the assets of the estate, the inclusion of $213,695.49 of income received from the trust assets between the date of death of the decedent and the optional valuation date, and the disallowance of a deduction of $56,500 of executor's commissions and counsel fees.

Recognizing the liability of the trust for payment of the estate tax deficiency, the trustee, upon the advice of Ohio counsel, withdrew $167,609.79 from the principal of the trust fund and transferred it to the executor for that purpose, together with $26,604.08 of accrued interest on the deficiency. The trustee charged the $26,604.08 to trust income of 1940, believing that to be in accordance with the proper construction of the trust agreement and the laws of the State of Ohio governing the administration of the trust estate. The executor paid those funds to the collector on December 10, 1940.

In her income tax return for 1940 the petitioner reported $89,212.72 of taxable income received from the trust. That amount did not include the $26,604.08 which the trustee transferred to the executor to

pay the interest on the estate tax deficiency. In determining the deficiency herein the respondent treated the $26,604.08 as distributable income of the trust for 1940 and included it in petitioner's gross income. Whether his action in so doing was proper is the only question now remaining for our determination.

The pertinent provisions of the statute are as follows:

SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this chapter upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\*        \*        \*        \*        \*        \*        \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct.

SEC. 162. NET INCOME.

\*        \*        \*        \*        \*        \*        \*

(b) The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*        \*        \*        \*        \*        \*        \*

There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. \* \* \*

The income beneficiary of the trust is required to report all the income properly distributable to him during the taxable year, whether it is actually distributed or not. *Freuler* v. *Helvering*, 291 U. S. 35. The question as to what income is distributable and what is not is one that must be determined in accordance with the provisions of the trust agreement and the local law. *Freuler* v. *Helvering, supra.*

The trust agreement here provided that all "succession, estate, or inheritance taxes" should be paid out of the principal of the trust estate, but nothing was said of the interest on such taxes. The trustee was given the power to determine whether other payments made out of trust funds were to be charged to principal or to income, "according as it may deem just and equitable." The trustee, in the exercise of his discretionary power and upon the advice of counsel, charged the interest in dispute to current income of 1940.

A trustee's action in exercising such discretionary power is not reviewable by the courts except where the trustee has acted arbitrarily and in abuse of the power. See Restatement of the Law of Trusts, sec. 187 (e). See also *Frye* v. *Burk*, 57 Ohio App. 99; 12 N. E. (2d)

152. We can not find that the trustee here acted arbitrarily and in abuse of its power in charging the interest on the estate tax deficiency against current income.

In *Penrose* v. *United States*, 18 Fed. Supp. 413, it was held that the interest paid on an estate tax liability by the trustee of a testamentary trust was properly paid out of the income of the life beneficiary. That case was followed in *Forrest G. Pearson*, 4 T. C. 218. While those cases arose in the Commonwealth of Pennsylvania, we think that the same rule applies to the administration of trusts under the law of Ohio.

The taxpayer here did not receive the income in dispute and, for all the record shows, could not have acquired it. We think that the purpose of the statute is not to tax her on such income.

*Decision will be entered under Rule 50.*