JUNE WALLACE CLAYMORE

*v.*

HARRY A. WALLACE, JR., AND THE NATIONAL BANK OF COMMERCE ETC. AS JOINT TRUSTEES OF THE ESTATE OF HARRY A. WALLACE *et al., Etc.*

(No. 12084)

Submitted April 19, 1961.    Decided June 6, 1961.

380

*Philip Angel, Henry P. Butts, I. Murray Lewis, James M. Sprouse,* for appellants..

*John A. Amick, J. Marshall Holcomb,* for appellee.

BERRY, JUDGE:

This case involves a declaratory judgment proceeding instituted in the Circuit Court of Kanawha County, West Virginia, by the petitioner, June Wallace Claymore, against Harry A. Wallace, Jr., and The National Bank of Commerce of Charleston, a National Banking

Association, as Joint Trustees of the Estate of Harry A. Wallace, Harry A. Wallace, Jr., in his own right, Harry A. Wallace, III, Elizabeth Wallace Hartman, William Burdette Wallace, an infant, Frank Wallace, Mary Irene Wallace, an infant, Virginia Wallace Riggs, Robert Wallace, and all unborn children of the above parties excepting the Trustees, wherein she claims the increment resulting from the investment by the trustees of $30,000.00 provided for the petitioner and payable to her in monthly installments of $250.00 per month. The petitioner sought to have the Circuit Court of Kanawha County declare the rights of the beneficiary under the will and codicil of Harry A. Wallace, Sr. and particularly to construe and interpret the provisions of the will and codicil relating to the said $30,000.000 and to hold that the increment of said sum belonged to her. The respondents filed a demurrer and answer to the petition contending that the will and codicil disclose that the petitioner is entitled only to the sum of $30,000.00; that the petitioner had been paid the entire sum of $30,000.00 and that that was all to which she was entitled, the last monthly payment having been made to her in January, 1958.

The trial court overruled the respondents' demurrer and gave leave to them to amend their answer, which was done. The petitioner demurred to the amended answer after which the trial court sustained the demurrer and rendered the final decree on April 4, 1960, holding that the petitioner was entitled to be paid the sum of $250.00 per month, as provided in the will, until the principal sum of $30,000.00 and the increment or interest thereon was exhausted, and that a lump sum payment of the accrued monthly payments of $250.00 be made to the petitioner from the date of the last monthly payment made to her in January, 1958. Upon petition to this Court by the respondents, an appeal and supersedeas to the decree of the Circuit Court of April 4, 1960 was granted on November 21, 1960.

There are several errors assigned, but they all relate to the contention that the petitioner was entitled only

to the sum of $30,000.00 under the provisions of the will and codicil and not the increment thereon.

The facts in this proceeding are not in dispute and the whole case revolves around the construction of the will and one codicil.

Harry A. Wallace, Sr. died September 29, 1947. The original will was executed on September 13, 1946. The first codicil was added April 11, 1947, and the second codicil was made on June 30, 1947. The first codicil merely provided for a trust fund to maintain the decedent's family home in Charleston, changed certain dates of payments to the beneficiaries and had nothing to do with the question involved in this case.

The reason for the complication in the case at bar is because of the fact that the second codicil, which must be construed in connection with the will for the determination of the case, is almost as lengthy and complex as the will itself and attempts the difficult task of making major changes in the original disposition planned without rewriting the will. The will contains many paragraphs which are not necessary to discuss in connection with the question involved. The third paragraph of the will bequeaths to the testator's son, Harry A. Wallace, Jr., one-fifth part of the balance of his entire estate, after the payments of his debts, funeral expenses and costs of administration, free and acquit of the trust thereinafter created. The fifth paragraph places the residue of his estate in trust and directs the distribution thereof, said trust being divided into four separate parts in which provisions are made for his children and grandchildren by paragraph seven of the will, and if any or all of the beneficiaries died before the testator, or died without issue before termination of their respective trusts, their shares would go to testator's son, Harry A. Wallace, Jr., or to his issue if he were dead. The ninth paragraph provides that in case of necessitous circumstances of beneficiaries, the trustees can increase the monthly amounts to be paid in each case. Paragraph

ten provides for the termination of the trust when the youngest grandchild, living at the time of the testator's death, attains the age of twenty-five years, but provides that the trustees could terminate the trust, with the exception of one son Robert, after sixteen years following testator's death, in which case the remaining portions of the estate would be distributed to the beneficiaries then living. Paragraph twelve contains provisions for a spendthrift trust and a clause for the prevention of assignments by beneficiaries.

The first Section of Paragraph Six of the will relates to two-eights of the trust set up under the will and deals directly with the petitioner and her mother, Mildred Wallace Riddle. Inasmuch as the disposition of this case must depend upon the construction of this particular provision, coupled with the provisions in the second codicil which attempt to change the provisions thereof in certain instances relating thereto, it will be necessary to quote said Paragraph verbatim:

"SIXTH: I direct that said trust estate shall be held in trust for the following uses, purposes and benefits:

1. Of the foregoing trust, I direct that two-eighths (2/8) thereof, subject to the terms, conditions and provision of this, my will, be devoted to, set aside and used for the benefit of my daughter, Mildred Wallace Riddle, and my granddaughter, June Wallace Riddle, in the following manner, i.e.:

If she survive me, I direct that Three Hundred ($300.00) Dollars per month from said one-eighth part of my said trust estate be paid to my said daughter, Mildred Wallace Riddle, until her death or until the termination of this trust, whichever occurs first. If, prior to my demise or the termination of this trust as to my said daughter, Mildred Wallace Riddle, my said daughter Mildred shall die, then the one-eighth part of said trust estate allocated to her, or the remainder thereof, shall be utilized for the benefit of my granddaughter, June Wallace Riddle; provided, however, that she shall not receive more per month than $250.00. If my said granddaughter, June Wallace Riddle, survives me, from said one-eighth of my said trust estate allocated to her *I direct that she be*

*paid the sum of Two Hundred Fifty ($250.00) Dollars per month until her death or until the termination of said trust as to her, whichever shall occur first. If she die prior to my demise or before the termination of said trust as to her, without issue, and her said mother, Mildred Wallace Riddle, survive, then I direct that the remaining part of said one-eighth part of said trust estate be utilized for the benefit of my said daughter, Mildred Wallace Riddle, in the manner as hereinabove provided; provided, however, that she shall not receive more per month than that above provided. If, however, the said June Wallace Riddle die, leaving issue, then in such event such issue shall take such part of my said trust estate as the said June Wallace Riddle would have taken had she survived, payable in like monthly sums. If both my said daughter, Mildred Wallace Riddle, and my granddaughter, June Wallace Riddle, predecease me, or die before the full distribution of said two-eighths of my trust estate to them, separately and/or jointly, and the said June Wallace Riddle so die without issue, as above provided, then in that event such part of such trust estate, or the remainder thereof, shall be participated in by each of my then living children and/or their children to the extent provided in Paragraph SEVENTH hereof."* [Emphasis Supplied]

We now come to the second codicil executed on June 30, 1947, which provided for the changes in the testator's will of September 13, 1946, resulting in the present litigation.

Paragraph one of this codicil changes paragraph six of the will and deducts from the one-fourth of the trust estate provided for in Section 1 of Paragraph Six $20,000.00 to be set aside and used, with the sum of $10,000.00, also provided for in the second codicil, as hereinafter explained, for the use and benefit of the petitioner, June Wallace Claymore, the petitioner having married between the time of the execution of the will and the execution of the second codicil. Paragraphs two and three of the second codicil provide for the sum of $5,000.00 to be deducted from one-fourth of the trust estate left to his daughter, Virginia Wallace Riggs, and for $5,000.00 to be deducted from the one-fourth left to his son, Robert Wallace, making, with the first $20,000.00, a total of $30,000.00 to be set

aside for the use and benefit of the testator's granddaughter, the petitioner herein, June Wallace Claymore. Paragraph four of the second codicil directs that the above mentioned sum of $30,000.00 be retained by his said trustees and paid to his granddaughter, June Wallace Claymore, as provided for in the will, particularly in section one of paragraph six, hereinabove quoted, and provides that if the petitioner dies without issue before she has been paid monthly the full sum of $30,000.00, his daughter, Mildred Wallace Riddle, mother of the petitioner, would be entitled to the balance if she survive June, but, in the event both petitioner and her mother die before the testator, without the petitioner having issue, then the testator's surviving beneficiaries shall participate in the trust estate so set aside for the petitioner and her mother as provided in the will. The last part of the second codicil recites the original paragraph seven of the will and then changes said paragraph seven of the original will under which petitioner might have inherited from others, and provides instead that the petitioner shall not participate in any part of the trust estate in the event other beneficiaries die without issue, except she may take from the one-fourth of the trust estate of her her mother, Mildred Wallace Riddle, in case her mother died before receiving her full share.

Inasmuch as the first and fourth paragraphs of the second codicil specifically refer to the first section of paragraph six of the original will and attempt to change said section in some respects, it is the construction of these two new paragraphs and one section of the former paragraph, and these portions only, that determines the disposition of this case. Therefore, Paragraphs one and four of the second codicil will be quoted verbatim:

"FIRST: In Section 1 of Paragraph SIXTH of my said will so made on September 13, 1946, I set aside one-fourth of my said estate, subject to the terms, conditions and provisions of said will, *for the use and benefit of my daughter*, Mildred Wallace Riddle, and her daughter (my granddaughter) June

Wallace Riddle, jointly, (now *June Wallace Claymore*, she having since the execution of said will and codicil, married), providing that my said Trustees should pay my said daughter $300.00 per month from her part thereof and the sum of $250.00 per month to the said June Wallace Claymore from her part thereof. *I now desire to and do hereby change said section of Paragraph SIXTH of my said will, in the following particulars: There shall be deducted from said one-fourth of my said estate, so provided for my said daughter Mildred, the sum of $20,000.00, which is to be set aside and used, together with the sum of $10,000.00 hereinafter provided and mentioned for the use and benefit of my said granddaughter, June Wallace Claymore.* * * *

* * * *

"FOURTH: *The above mentioned aggregate sum of $30,000.00 I direct shall be retained by my said Trustee and paid to my granddaughter, June Wallace Claymore, at the monthly rate provided in Section 1 of said Paragraph SIXTH, and in all other respects be handled and disbursed subject to and in accordance with the several terms of my said will, particularly Section 1 of Paragraph SIXTH thereof,* including the right of my said daughter, Mildred, to take that part of my said estate given to and set aside for the use and benefit of my said granddaughter, June Wallace Claymore, by the terms of said will and the provisions hereof, it being my intent that *if my said granddaughter dies without issue,* before she has been paid the full sum of $30,000.00, payable monthly, as aforesaid, that my said daughter, Mildred, if she survive her, shall be entitled to the balance thereof. *However, if my said granddaughter dies, leaving issue, the last foregoing provision shall be inapplicable. In the event both my said daughter and granddaughter predecease me, without issue on the part of my granddaughter, then my surviving beneficiaries shall participate in the trust estate so set aside for my said daughter and granddaughter* to the extent provided in Paragraph SEVENTH of my said will." [Emphasis Supplied]

The cardinal principle in construing a will is to ascertain the intent of the testator as expressed in the words of the will and codicils, giving consideration to all the surrounding circumstances. 20 M.J., Wills, § 77;

57 Am. Jur., Wills, § 608; *Woodbridge v. Woodbridge,* 88 W. Va. 187, 106 S. E. 437; *Wheeling Dollar Savings & Trust Company v. James K. Stewart et al.,* 128 W. Va. 703, 37 S. E. 2d 563; *D. E. Cuppett, Jr., Executor v. James W. Neilly, et al.,* 143 W. Va. 845, 105 S. E. 2d 548; *E. C. Wooddell et al. v. Martha F. Frye et al.,* 144 W. Va. 755, 110 S. E. 2d 916.

Considerable discussion and argument was had in this case as to whether the $30,000.00 provided for in the codicil for the use and benefit of the petitioner was a general, specific, or demonstrative legacy, an annuity, or a trust.

We do not think that under the facts and circumstances in this case the exact type of the bequest or legacy has to be technically labeled, since the provisions of the will and second codicil show that the intent of the testator was to create a trust with regard to the $30,000.00 he bequeathed to the petitioner.

An annuity may be payable out of the income, principal, or both, and may be created out of a legacy, but there can be no inheritance or succession in connection therewith. *First Huntington National Bank v. Anna E. Colvin et al.,* 114 W. Va. 193, 171 S. E. 413; *Charles Evant Hunter et al. v. The First National Exchange Bank of Roanoke et al.,* 198 Va. 637, 96 S. E. 2d 104; *Bates v. Barry,* 125 Mass. 83, 28 Am. Rep. 207.

If the will had directed that $250.00 monthly be paid to the petitioner for a period of ten years without any words of inheritance or succession in the bequest, it would be construed as giving an annuity for ten years and not a deferred legacy.

In the case of *Bates v. Barry,* 125 Mass. 83, 28 Am. Rep. 207, where the will read "I order that $500 per year for ten years be paid over to my niece Ann G. Bates" it was held that this was an annuity because no words of succession or inheritance appeared in the will with regard to the bequest.

The practical difference between an annuity and a deferred legacy is that if the beneficiary dies before the entire amount is paid in the case of an annuity the personal representative would have no interest in the portion of the bequest which had not been paid, other than perhaps a *pro rata* part of the last month unpaid in event of death. In the case of a deferred legacy, it would vest at the time of testator's death and upon the death of the beneficiary before the entire amount is paid, the beneficiary's personal representative would be entitled to the remainder in the absence of a gift over. 2 Am. Jur., Annuities, §4.

However, in the case at bar, the testator Wallace, after providing for various legacies and devises, bequeathed "all the rest and residue" of his property to joint trustees "upon the following uses and trusts" and thereafter refers to it as a "trust estate" out of which it was first provided that the petitioner, June Wallace Claymore, participate in a fractional part and later in a specified amount, and it was directed in both instances that $250.00 a month be paid to the petitioner for life, or until the trust terminated, with provisions for succession or gift over disposing of any balance caused by petitioner's death before she had received $30,000.00.

Ordinarily, in a situation such as we have here, when the money is transferred by the executor to the trust, the executor, although, as here, even the same person, functions afterwards in the capacity of a trustee; and the problem in the instant case, therefore, becomes one of determining the intent of the testator with reference to the type of trust created here, commonly called a "testamentary trust" to distinguish it from an *"intervivos* trust" set up before the testator dies. The law applicable is that of trusts, with certain analogies from the field of estate administration in general. An executor is a trustee in a broad sense, that of winding up the estate and dividing it, a temporary duty, but not in the strict and narrow sense of undertaking the permanent duty of investing a sum of money and

disposing of the income and increments. See discussion of this separation of duties in Vol. I, Scott on Trusts, Second Edition, §6, which points out that in the absence of some direction in the will, the problem of where the gain or loss takes place and who gains or suffers thereby is determined by whether the money is in the estate or the trust, or perhaps even by where it ought to be if it has been carelessly handled and not put in the proper place.

As stated above, the type of legacy is not controlling in the present case, as to whether it is a general, specific or demonstrative legacy. It is true that a general legacy is one designated primarily by quantity or amount and it may be satisfied out of the general assets of the testator without regard to any particular fund or thing; a general legacy of money is often called "pecuniary". A specific legacy is a gift of a particular or specific fund or thing. A demonstrative legacy is in the nature of both the general and specific legacy. A specific legacy is not subject to abatement unless needed for debts, although it is subject to ademption if not in existence, but a general legacy is subject to abatement if the estate is not sufficient to satisfy both types of legacies. A residuary legacy is sometimes said to be general although by its very term it must give way to preceding general ones. A specific legacy carries with it the interest or increment, while a general or demonstrative legacy does not. *D. E. Cuppett, Jr., Executor v. James W. Neilly, et al.,* 143 W. Va. 845, 105 S. E. 2d 548; 20 M.J., Wills, §144.

The reason the type of legacy, or whether it is a legacy to be paid in installments, is not controlling in this case is because of the fact that the meaning of the words in the will and codicil, considered as a whole, clearly indicate that the legacy or bequest was converted into a trust. No technical language is necessary in order to create a trust by a will and the object of judicial interpretation is to ascertain the intent of the testator according to the meaning of the words

used considering the will and codicil as a whole. 19 M.J., Trusts and Trustees, §5; 57 Am. Jur., Wills, §608.

Liberal construction is to be given in favor of the existence of the trust, and words which are not uncertain or ambiguous must be given their clear meaning and effect. 54 Am. Jur., Trusts, §18. Even if it were considered as a deferred-payment legacy, it might still be handled in the same manner as a trust, especially since the trustees and executors are the same. Regardless of which it is, the primary question is whether it was withdrawn from the rest of the estate to such extent that petitioner gets the fruits of it if she lives long enough. *Hester v. Sammons,* 171 Va. 142, 198 S. E. 466, 118 A.L.R. 554.

There is no question but that a trust was set up by the testator in the original will, and that the petitioner, June Wallace Claymore, participated therein, under the provisions of section one of paragraph six, as a *cestui que trust.* This section has been quoted verbatim hereinabove and it provides that the said June Wallace Claymore be paid $250.00 per month until her death, or until the termination of the trust. The second codicil to the will provides for certain changes to be made in section 1, paragraph six of the original will affecting the petitioner. The changes set up a certain fund out of which she is to be paid the monthly amount provided for in section 1, paragraph six. The first paragraph of the second codicil clearly indicates that this fund is to be administered as a trust fund. The words used in this paragraph indicate that this fund is to be set aside for the "use and benefit" of the testator's granddaughter, June Wallace Claymore.

Paragraph four of the second codicil, which is quoted verbatim hereinabove, directs that the sum provided for be retained by the testator's trustees and paid to the testator's granddaughter, June Wallace Claymore, at the monthly rate provided for in section 1 of paragraph six, and in all other respects be handled and disbursed subject to and in accordance with the

several terms of his said will. The codicil provision specifically referred to the sum as a trust estate set aside for his granddaughter. The words ''use and benefit'' indicate that the amount in question, that is, the $30,000.00, is to be held in trust for the beneficiary, June Wallace Claymore. *Frye v. Burk et al.,* 57 Ohio App. 99, 12 N. E. 2d 152. Therefore, the second codicil not only sets up a trust for the $30,000.00 for the use and benefit of the petitioner, to be administered by the testator's trustees, but substitutes this trust in lieu of the trust created for her in section 1, paragraph six of the original will, as is evident by the language used in paragraphs one and four of the second codicil, wherein it was indicated that it should be a trust by the use of the proper words and reference to said section 1, paragraph six, as to how the trust fund should be paid, handled and disbursed.

There is no question that the testator intended that the entire trust set up under the original will and divided into four parts would include the interest obtained therefrom by investments made by the trustees, because it is specifically so stated in section b of paragraph five of the original will in the following language:

> "Said Trustee shall take, hold and keep the said property together and manage the same; collect, accumulate, disburse and distribute the rents, profits and income, and finally make distribution thereof, all consistent with and pursuant to the provisions of this will for the term, on the conditions, for the purposes and in the manner hereinafter specified and provided."

It is clear that the petitioner, June Wallace Claymore, would participate in the disposition of the increments under the provisions of section 1, paragraph six of said will; and when the change provided for in the second codicil relating to June Wallace Claymore is substituted and placed in lieu of the provision or plan contained in section 1 of paragraph six, it still remains the intention of the testator in the substituted plan that June Wallace Claymore's trust be administered

in all respects in accordance with the terms of the provisions of the original will and it is specifically so stated in the fourth paragraph of the second codicil.

When we ascertain that the property bequeathed under the will and codicil, that is the $30,000.00, was placed in trust for the petitioner, June Wallace Claymore, with a general clause elsewhere in the will to dispose of income and profits as we have here, the question involved in this case is answered, because where a trust fund is created for a particular beneficiary without specifically disposing of the increment in the codicil setting up the trust fund, a general clause in the will disposing of increments of the trusts created by distributing them to the beneficiaries thereof would carry the necessary implied intent to let the increments naturally follow the equitable ownership of the trust fund created in the codicil. 96 C.J.S., Wills, §1031; *Bird et al. v. Newcomb et al.,* 170 Va. 208, 196 S. E. 605; *Van Wart v. Jones et al.,* 295 F. 287; *In Re Kohler,* 160 N.Y.S. 669, 96 Misc. Rep. 433.

By virtue of the reasons set out herein and the cited authorities applicable to such matters, it is the opinion of this Court that the petitioner, June Wallace Claymore, is entitled to the use and benefit of both the sum of $30,000.00 given to her under the provisions of the will and codicil, and the increment thereof.

The judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*