# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ernest G. Ours,**
**Plaintiff Below, Petitioner**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0908** ( Berkeley County 10-C-798)

**Felicisima Ours,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ernest G. Ours, by counsel Eric S. Black, appeals the September 12, 2017, order of the Circuit Court of Berkeley County, West Virginia that found that the decedent's holographic will was a valid will. Respondent, Felicisima Ours, by counsel Wm. Richard McCune, Jr. and Alex A. Tsiatsos, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Guy Ours ("the decedent") died on September 10, 2009. Petitioner Ernest G. Ours, one of his four remaining children, was appointed administrator of the decedent's estate. On October 12, 2009, Respondent Felicisima Ours[1] filed a Petition to Admit Will in Berkeley County, submitting a writing allegedly signed by the decedent on March 18, 2009.

The writing contained both handwritten and typewritten portions. The handwritten portion of the writing states:

> All my property will go to my wife Felicisima R. Ours. There are two acres for sale when sold each one of my children, Ernest G. Ours, Kevin L. Ours, Marvin G. Ours and Stephanie L. Ours, will each get [$35,000, was written and scratched out, $25,000 was written over the scratched out portion] each. [All errors contained in original]

By letter dated January 28, 2010, the Fiduciary Supervisor declined to admit the purported will of respondent, stating that the will was not wholly in the handwriting of the decedent, pursuant to West Virginia Code § 41-1-3.

---

[1] Respondent is the petitioner's step-mother.

1

Petitioner, on behalf of himself and his siblings, and as administrator of the estate, filed a complaint, a Motion for Order of Attachment, and Motion for Expedited Hearing on October 1, 2010, in the Circuit Court of Berkeley County. Petitioner sought to have the court declare the purported will dated March 18, 2009, invalid. Petitioner also sued for other damages, alleging fraudulent identity and conversion, and asserted that respondent was not truly married to the decedent, and was claiming to be his wife in order to defraud petitioner and his siblings. Respondent filed an answer and counterclaim. In her counterclaim, respondent (1) sought recognition and enforcement of the will; (2) objected to an appraisal submitted by petitioner; (3) sought to disqualify petitioner as administrator; (4) requested the return of personal property removed by petitioner from the estate assets; and (5) alleged abuse of process concerning allegations that respondent defrauded the decedent. The counterclaim contained an affidavit from the decedent's sister, which stated, "Guy also told me that he made a will which he believed provided for his wife. He intended to leave her the house in Inwood, West Virginia and a parcel of land on which the house sits. He intended that two acres adjoining the property be sold and that the proceeds from that sale go to the children."

Because of the overlapping jurisdiction with probate and circuit court, the circuit court stayed the claims, and remanded the issue of the validity of the will to the County Commission for determination. On January 21, 2011, the fiduciary supervisor appointed a fiduciary commissioner, who prepared a report, which respondent moved to adopt. The report recommended the recognition of the holographic will of the decedent. Petitioner failed to respond to the motion, or participate in discovery. The circuit court entered an order on December 18, 2015, adopting the report and finding that the handwritten document is a valid will, and ordered that the will should be admitted to probate, and for the parties to proceed with probate of the estate. The circuit court also ordered that petitioner should no longer serve as administrator of the estate and appointed respondent the administrator of the estate.

The circuit court's order did not resolve all of the parties' claims, and respondent attempted to serve discovery on petitioner in order to advance the litigation. During this time, petitioner's attorneys moved to withdraw and according to family members, petitioner fell ill. The matter was ultimately referred to a discovery commissioner.

Following the report of the discovery commissioner, the circuit court reviewed the matter, and on September 12, 2017, the circuit court issued an order finding that the two-acre parcel referenced in the will did not exist, and that the only relevant parcel owned by the decedent was a three-acre parcel. As a result, the language regarding the two-acre parcel "has no force and effect." The circuit court concluded that the decedent's instruction that "all my property will go to my wife" controls the distribution of the estate. The circuit court also dismissed petitioner's remaining claims, but left open respondent's claim for abuse of process pending the outcome of petitioner's appeal. Petitioner now appeals the September 12, 2017, order of the Circuit Court of Berkeley County that found that the decedent's will was a valid, holographic will, and that it disposed all of the decedent's property to respondent.

2

Petitioner raises two assignments of error on appeal. Petitioner complains that the circuit court erred in finding that the will of the decedent was a valid, holographic will[2] and that the circuit court erred in finding that the respondent was the sole beneficiary of that will.

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000). Regarding the validity of a holographic will, this Court has held that "[t]he law favors testacy over intestacy." Syl. Pt. 8, *In re Teubert's Estate*, 171 W. Va. 226, 298 S.E.2d 496 (1982). Further,

> [t]he modern tendency is not to hold a will void for uncertainty unless it is absolutely impossible to put a meaning upon it. The duty of the court is to put a fair meaning on the terms used and not, as it is sometimes put, to repose on the easy pillow of saying that the whole is void for uncertainty.

Syl. Pt. 7, *id.* With these standards in mind we consider petitioner's assignments of error.

Petitioner complains that the will was not entirely in the hand of the decedent, that the writing in the will was altered, and that the will was ambiguous and lacked clear testamentary intent. "West Virginia Code [§]41–1–3, provides that holographic wills are valid in this State if they are wholly in the handwriting of the testator and signed. The third and final requirement for a valid holographic will in our jurisdiction is that the writing must evidence a testamentary intent." Syl. Pt. 1, *In re Teubert's Estate*.

This Court has repeatedly recognized the validity of holographic wills, "recognizing that often the testator who is a lay person does not use the most precise or artful language. Judicial support for a holographic will also rests on the familiar rule that the law favors testacy over intestacy." *Id.*, 171 W. Va. at 230, 298 S.E.2d at 460. *See also Mason v. Mason,* 165 W. Va. 412, 268 S.E.2d 67 (1980); *National Bank of Commerce of Charleston v. Wehrle,* 124 W. Va. 268, 20 S.E.2d 112 (1942). The circuit court found that 'when the typewritten portions are excised, the will is wholly in the decedent's hand and is signed by him.' There is no dispute that the will was signed by the decedent. Further, the fact that the writing was not wholly in the decedent's handwriting does not render the will invalid. This Court has previously held that "where a holographic will contains words not in the handwriting of the testator, such words may be stricken if the remaining portions of the will constitute a valid holographic will." *In re Teubert's Estate*, 171 W. Va. at 230, 298 S.E.2d at 460.

Regarding the third requirement for a valid holographic will, we find that the decedent's will expresses the requisite testamentary intent. The handwritten portion of the will

---

[2] A holographic will is a will that is handwritten by the testator. *See* Black's Law Dictionary 1833 (10th ed. 2014).

unequivocally states, "All my property will go to my wife Felicisima R. Ours."  In *In re Teubert's Estate*, we held, that "[i]t is settled law, . . . , that a valid will requires no particular form of words to show testamentary intent." 171 W. Va. at 231, 298 S.E.2d at 461. Although the will does not contain an explicit statement such as "this is my last will and testament," the words "all my property will go to my wife" are consistent with Respondent's position that the writing constituted the decedent's will. Coupled with the extrinsic evidence from the decedent's sister, who stated that "[The decedent] made a will which he believed provided for his wife . . . ," we find that the circuit court was not clearly wrong in finding that the will expressed testamentary intent, and we agree with the circuit court that the will was a valid, holographic will.

Petitioner also complains that the circuit court erred in finding that respondent was the sole beneficiary of the will. In support of his position, petitioner notes that the will indicated that the decedent intended for each of his children to receive a sum from the proceeds of the sale of a portion of decedent's real estate. Respondent counters that although the language of the will indicates that the decedent intended to sell two acres of his property, no sale took place. The circuit court found that because there was no two-acre parcel of land in the decedent's estate, the clause in question had no force and effect.  We agree. The will left to petitioner and his siblings a specific legacy.

> A general legacy may be satisfied out of the general assets of the estate of
> the testator without regard to any particular fund or thing but a specific legacy is a
> gift of a particular specified thing, or of the proceeds of the sale of such thing, or
> of a specified fund, or of a designated portion of such fund.

Syl. Pt. 4, *Cuppett v. Neilly*, 143 W. Va. 845, 105 S.E.2d 548 (1958), *overruled on other grounds by Watson v. Santalucia*, 189 W. Va. 32, 427 S.E.2d 466 (1993). Further, "[a] specific legacy . . . is subject to ademption if not in existence . . . ." Syl. Pt. 3, in part, *Claymore v. Wallace*, 146 W. Va. 379, 120 S.E.2d 241 (1961). At all times relevant, the decedent's estate consisted of a single three-acre parcel of land. As a result, there was no two-acre parcel to be sold, and there were no proceeds from the sale of a two-acre parcel. Consequently, the clause is adeemed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 16, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment